FILED

1   DOUGLAS J. FARMER, State Bar No. 139646
    doug.farmer@odnss.com
2   MICHAEL J. NADER, State Bar no. 200425          10 JUN 21 PM 4: 17
    michael.nader@odnss.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.   U.S. DISTRICT COURT
    Steuart Tower, Suite 1300                        CENTRAL DIST. OF CALIF.
4   One Market Plaza                                      LOS ANGELES
    San Francisco, California 94105                  BY:_____
5   Telephone:  (415) 442-4810
    Facsimile:  (415) 442-4870
6
7   Attorneys for Defendants
    SCHNEIDER NATIONAL CARRIERS, INC.
8
9                    UNITED STATES DISTRICT COURT
10                  CENTRAL DISTRICT OF CALIFORNIA
11
12  LUIS POLANCO, as an individual;      Case No. CV10  4565 -GHK
    ALAN KRUMBINE, and individual;                          (JEM)
13  ASUNCION ARIAS, an individual; and   CLASS ACTION
14  DOE PLAINTIFFS; on behalf of all Themselves NOTICE OF REMOVAL BY
    others similarly situated, AND ALL OTHERS    DEFENDANT SCHNEIDER
15  SIMILARLY SITUATED,                          NATIONAL CARRIERS, INC.
                      Plaintiffs,
16
                                        Action filed: February 5, 2010
17       v.                             Trial Date: Not Set
18  SCHNEIDER NATIONAL, INC., a
    Nevada corporation; SCHNEIDER
19  NATIONAL CARRIERS, INC., a NEVADA   BY FAX
    corporation; and DOES 1 through 30,
20  inclusive,
21
                      Defendants.
22
23
24
25
26
27
28
                                        Case No. BC 431370
8781493_3.DOC
                              1
                  SCHNEIDER'S NOTICE OF REMOVAL

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL

2  DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR ATTORNEYS

3  OF RECORD:

4      PLEASE TAKE NOTICE that Defendant SCHNEIDER NATIONAL

5  CARRIERS, INC., ("Schneider"), through its undersigned counsel, hereby removes

6  the above- captioned action from the Superior Court of the State of California for the

7  County of Los Angeles, to the United States District Court for the Central District of

8  California, Central Division, pursuant to

9  the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), as well as 28 U.S.C.

10 §§ 1441 and 1446.  Schneider's Notice of Removal is based upon and supported by

11 the following:

12                          **The State Court Action**

13      1.      Plaintiffs Luis Polanco ("Polanco"), Alan Krumbine ("Krumbine"),

14 and Asuncion Arias ("Arias") (collectively the "Named Plaintiffs") filed a civil

15 action in the Superior Court of California in and for the County of Los Angeles

16 ("Los Angeles Superior Court") on or about February 5, 2010. The Action was

17 assigned Docket No. BC 431370.  Subsequently, the Named Plaintiffs filed a First

18 Amended Class Action Complaint on April 12, 2010.  The Complaint named

19 Schneider National Carriers, Inc. under which Schneider does business.

20 Consequently, on May 20, 2010, the Named Plaintiffs filed a Notice of Errata to the

21 Amended Complaint (the "Notice of Errata"), with corrections of inconsistent or

22 unclear terms of employment for the Named Plaintiffs.  The Named Plaintiffs served

23 Schneider personally with a copy of the Notice of Errata, and accompanying

24 Summons, on May 20, 2010.  Accordingly, service on Schneider was effective May

25 20, 2010.  A copy of the Complaint, Amended Complaint, Notice of Errata

26 (collectively the "Complaint") and accompanying Summons that were served on

27 Defendants are attached as **Exhibit A.**

28      2.      The Amended Complaint asserts causes of action for: (i) Violation of

1  California Labor Code ("Cal. Lab. Code") §§ 218, 510, 1194, and 1198 (failure to

2  pay overtime compensation) (Amended Complaint ¶¶ 1-64); (ii) Violation of Cal.

3  Lab. Code §§ 218, 510, 1194, and 1198 (failure to compensate for prep time)

4  (Amended Complaint ¶¶ 1-53; 65-75); (iii) Violation of Cal. Lab. Code §§ 218, 510,

5  1194, and 1198 (rounding-down overtime) (Amended Complaint ¶¶ 1-53; 76-86);

6  (iv) Violation of Cal. Lab. Code §§ 226.7, 512(a), 558, and 1198 (failure to provide

7  required meal periods) (Amended Complaint ¶¶ 1-53; 87-92); (v) Violation of Cal.

8  Lab. Code  §§ 226.7, 558, and 1198 (failure to provide required rest periods)

9  (Amended Complaint ¶¶ 1-53; 93-98); (vi) Violation Cal. Lab. Code § 226(e)

10  (failure to provide accurate wage statements) (Amended Complaint ¶¶ 1-53; 99-105);

11  (vii) Violations of Cal. Lab. Code  §§ 201, 202, and 203 (waiting time penalties)

12  (Amended Complaint ¶¶ 1-53; 93-98); and (viii) Violations of the UCL, and

13  California Business and Professions Code §§ 17200.

14      3.     The Amended Complaint also seeks penalties pursuant to California's

15  Private Attorney Generals' Act (PAGA)- Cal. Lab. Code § 2698 (Amended

16  Complaint ¶¶ 48-53), which authorizes individuals to bring actions for penalties that

17  would otherwise be obtainable only in the action by the State of California.  The

18  employee has a private right of action to recover such penalties, subject to a one-year

19  limitation period. Cal. Lab. Code § 2699(a); Cal Code Civ. Proc. § 340.  PAGA also

20  provides that, for provisions of the California Labor Code that do not otherwise

21  provide for a statutory penalty, a penalty in the amount of $100 per initial violation,

22  and $200 per subsequent violation, may be collected.  Cal. Lab. Code § 2699(f)(2).

23      4.     Schneider National Carriers, Inc., timely filed an Answer to the

24  Amended Complaint on June 18, 2010 (the "Answer").  A copy of the Answer is

25  attached as **Exhibit B.**  Schneider is not aware of any other process, pleadings or

26  orders served on it by Plaintiffs.

27      5.     As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal

28  will be filed with the Superior Court of California in and for the County of Los

1    Angeles.  A true and correct copy of the Notice of Removal, to be filed in Los

2    Angeles County Superior Court, without the exhibits, is attached hereto as **Exhibit**

3    **C.**

4          6.       This Notice of Removal is timely filed within 30 days of service of the

5    Summons and Complaint upon Schneider.

6          7.       The action was pending in the Los Angeles Superior Court, which

7    court is in the territory of the United States District Court for the Central District of

8    California.

9          8.       In the event this Court has a question regarding the propriety of this

10   Notice of Removal, Schneider requests that it issue an Order to Show Cause so that it

11   may have an opportunity to more fully brief the basis for this removal.

12   **The Federal Court's Jurisdiction And Removability Based on Diversity**

13   **Jurisdiction**

14         9.       This matter is a civil action of which this Court has original

15   jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court

16   by Schneider pursuant to the provisions of 28 U.S.C. § 1441 (b) because it is a civil

17   action between citizens of different states and the matter in controversy for a Named

18   Plaintiff exceeds the sum of $75,000, exclusive of interest and costs.

19         10.      Complete diversity exists because the Named Plaintiffs are all citizens

20   of the State of California.  Complaint, ¶¶ 11, 14-16. Schneider is incorporated in the

21   State of Nevada with its principal place of business in Green Bay, Wisconsin. Reich

22   Decl., ¶¶ 12-13 & **Exhibit C**. Schneider does business in a number of states but does

23   not conduct the substantial predominance of its business in any single one. *Id.,* ¶13.

24   Thus, Schneider is a citizen not of California but of Wisconsin and Nevada.

25   *Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1093 (9th Cir. 1990)

26   (providing that where a corporation does business in a number of states and does not

27   conduct the substantial predominance of its business in any single one state, the state

28   where corporate headquarters is located is the corporation's principal place of

1  business; where a corporation does conduct a substantial predominance of its

2  business in one state, that state is the principal place of business).

3        11.    The Amended Complaint does not allege a damage amount as to each

4  claim.  Removal is therefore proper if, from the allegations of the Complaint and the

5  Notice of Removal, it is more likely than not that Plaintiffs' claimed damages will

6  exceed $75,000. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir.

7  1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  As a class

8  action, if the allegations in the Complaint place more than $75,000 in controversy for

9  any Named Plaintiff, the district court may exercise supplemental jurisdiction over

10 claims by other plaintiffs in lesser amounts, provided all claims arise out of the same

11 Article III case or controversy. *Exxon Mobil Corp. v. Allapattah Services, Inc.*,  545

12 US 546, 549, 566–567 (2005).  In determining whether the jurisdictional minimum is

13 met, the court considers all recoverable damages, including statutory penalties and

14 attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333,

15 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998);

16 *Anthony v. Security Pc. Fin'l Services, Inc.*, 75 F. 3d 311, 315 (7th Cir. 1996).

17                    **Amount in Controversy Requirement**

18       12.    The allegations in the Complaint place more than $75,000 in

19 controversy for at least one named plaintiff, Asuncion Arias ("Arias"), and thus

20 jurisdiction in this court is proper. Arias worked approximately 210 weeks (not

21 including PTO time) at Schneider during the four years prior to the filing of the

22 Complaint in this action (the "Putative Class Period").  Reich Decl., ¶ 6 & **Exhibit**

23 **C.** He remains a Schneider employee. *Id.*  Arias has worked approximately 230

24 weekly pay periods with Schneider, and has made approximately $25.00 per hour

25 during the Putative Class Period. *Id.* ¶ 8.

26       Schneider paid its Mechanics on a weekly basis throughout the Class Period.

27 *Id.* ¶ 7.  The Named Plaintiff's allege several claims for penalties pursuant to PAGA,

28 which are subject to a one-year limitation period in California.  Cal. Code Civ. Proc.

8781493_3.DOC

1  § 340.  PAGA penalties, and, the penalties claimed by Arias, are generally assessed
2  on a per-pay- period basis.  *See, e.g.*, Cal. Lab. Code § 2699(f).  Thus, the analysis
3  conducted below uses 52 pay periods as a basis for calculating the amount in
4  controversy as to such penalties for Arias.

5  **A.**     **First Cause of Action**

6         In the Amended Complaint, Arias alleges that Schneider failed to provide
7  overtime pay at the rate of one-and-a-half times his hourly rate as required by Cal.
8  Lab. Code § 510.  Amended Complaint ¶¶ 54-64.  The Amended Complaint alleges
9  that Schneider scheduled its Mechanics to work four 10-hour shifts per week without
10  having conducted a valid Alternative Workweek Schedule ("AWS") election
11  pursuant to California law, with the result that Mechanics are owed premium pay
12  (less paid wages at the straight-time rate) for 2 hours for each day worked.  *Id.* ¶¶ 20,
13  52.  The Amended Complaint further alleges that the Mechanics worked *in excess of*
14  10 hours a day.  *Id.*  Arias worked 210 weeks, 4 days each week, for a total of 840
15  working days.  Two hours per day at the premium rate less the straight time paid
16  places at least $21,000.00 in controversy.

17         Arias further alleges that Schneider failed to pay him an additional two hours
18  each week for rest periods, and that this amount is due at the premium rate.  Notice
19  of Errata ¶ 21.  These allegations place an additional $15,750.00 in controversy.

20         Arias further alleges a civil penalty violation of Section 558 of the Labor
21  Code, which amounts to an additional $2,600 in controversy.  (Amended Complaint
22  ¶ 62).

23  **B.**     **Second Cause of Action**

24         Arias makes an additional general claim alleging that Schneider failed to pay
25  him overtime at the rate of one-and-a-half times his hourly rate as required by Cal.
26  Lab. Code § 510, 1194, and 1198.  Amended Complaint ¶ 68.  Arias claims that
27  Schneider "intentionally and improperly failed to make payment of overtime wages
28  and other benefits to Plaintiffs...for time spent prepping for vehicle service work."

1    Amended Complaint ¶ 69.  Arias fails to allege sufficient facts for a calculation.  As

2    such, Schneider submits that this Second Cause of Action places an additional

3    amount in controversy.

4        **C.    Third Cause of Action**

5        Arias's third cause of action alleges a third claim that Schneider failed to pay

6    him overtime at the rate of one-and-a-half times his hourly rate as required by Cal.

7    Lab. Code § 510, 1194, and 1198.  Amended Complaint ¶ 68.  Arias claims that

8    Schneider rounded down reported overtime. Amended Complaint ¶ 80.  Arias fails to

9    allege sufficient facts to calculate an additional amount in controversy pursuant to

10   these allegations.

11       **D.    Fourth Cause of Action**

12       Arias alleges that Schneider failed to provide him with "all legally required

13   meal periods" and that Arias is allegedly entitled to one hour of additional pay at his

14   regular rate of compensation for each work day that a meal break was allegedly not

15   provided.  Amended Complaint ¶ 90. Cal. Lab. Code § 226.7(b).  For Arias, with 210

16   weeks worked, 4 days per week (840 days) at a rate of $25.00 per hour amounts to at

17   least $21,000.00 in controversy.

18       **E.    Fifth Cause of Action**

19       Arias further alleges that Schneider failed to "authorize, permit, and provide

20   the legally required rest periods" and states that Arias is entitled to one hour of

21   additional pay at a regular rate of compensation for each work day that a proper rest

22   break was not provided.  Amended Complaint ¶ 96, Cal. Lab. Code § 226.7(b).  For

23   Arias, with 210 weeks worked, 4 days per week (840 days) at a rate of $25.00 per

24   hour calculates up to a total in excess of $21,000.00.

25       **F.    Sixth Cause of Action**

26       Arias alleges that Schneider failed to provide its employees with wage

27   statements that provided all required information pursuant to Cal. Lab. Code § 226.

28   Amended Complaint ¶ 96.  If an employer knowingly and intentionally fails to

provide an employee's statement showing the total hours worked, all applicable hourly rates, and proper wages, then the employee is entitled to recover damages in the amount of $50 for the initial violation and $100 for each subsequent violation, with a maximum amount of $4,000.00. Cal. Lab. Code § 226(e).  Arias alleges that Schneider has failed to provide statements and that Arias is entitled to received penalties for the one year prior to the filing of the complaint up to the present. Amended Complaint ¶103.

The amount due for a year period exceeds the maximum penalty allowed under Cal. Lab. Code § 226(e), so the Plaintiff has put the maximum amount of $4,000.00 into controversy.

Arias further alleges penalties under Section 226.3 of the Labor Code, which place an additional $13,000 in controversy.

### G.    Seventh Cause of Action

Arias further alleges that Schneider has failed to provide its employees with compensation due and owing to said employees upon discharge according to Cal. Lab. Code § 201.  Amended Complaint ¶ 107.  Cal. Lab. Code § 202 puts restrictions on up to 72 hours on the employer to provide said compensation.  Cal. Lab. Code § 202.  Cal. Lab. Code § 203 provides that if an employer fails to provide said compensation under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 days.  Cal. Lab. Code § 203.  Arias was never discharged by Schneider and is still currently employed by Schneider, therefore he is not entitled to any penalties under this cause of action.

### H.    Eight Cause of Action

Because the relief to which all Plaintiffs would be entitled under this cause of action does not add value to his claim, Schneider does not assign a value to it for removal purposes.

### I.    Attorney Fees

Arias requests attorney fees on all of his causes of actions.  Amended

1   Complaint ¶¶ 63, 74, 85, 104, and 109. Prayer for Relief ¶ 134.  It is well-settled that
2   in determining whether a complaint meets the amount in controversy requirement,
3   the Court should consider attorneys' fees. *Bell v Preferred Life,* 320 U.S. 238, 64
4   S.Ct. 5, 88 L.Ed. 15 (1943); *Golberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th
5   Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional
6   amounts).  Assuming an additional 25% recovery for attorney's fees, these
7   allegations place over $24,000 in controversy.

8       13.     In sum, Arias's allegations in the Amended Complaint place no less
9   than $75,000.00 in controversy.

10   **The Federal Court's Jurisdiction and Removability Pursuant to the Class**
11   **Action Fairness Act (CAFA)**

12       14.     CAFA grants federal district courts original jurisdiction over civil
13   class action lawsuits filed under federal or state law in which any member of a class
14   of plaintiffs is a citizen of a state different from any defendant, and where the matter
15   of controversy exceeds the sum or value of $5 million, exclusive of interest and
16   costs. 28 U.S.C. § 1332(d)(2).  CAFA authorizes removal of such actions in
17   accordance with 28 U.S.C. § 1446.  While there are a number of exceptions to this
18   rule of original jurisdiction contained in amended 28 U.S.C. §§ 1332(d)(3)-(5), none
19   apply here.

20       15.     This Court has original jurisdiction over this case under 28 U.S.C. §
21   1332(d) of CAFA because it is a civil action filed as a class action with an amount in
22   controversy exceeds the sum of $5 million, exclusive of interest and costs, and at
23   least one member (if not all) of the alleged class of plaintiffs is a citizen of a state
24   different from Schneider.

25       16.     This action was initially brought pursuant to California Code of Civil
26   Procedure § 382 on behalf of a putative class with an aggregate potential
27   membership in excess of 100 individuals.

28       17.     Under § 1453(b) of CAFA, "A class action may be removed to a

district court of the United State in accordance with § 1446 (except that the 1-year limitation under § 1446(b) shall not apply), without regard to whether a defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).  Based upon the foregoing, diversity is established because plaintiffs are citizens of California and Schneider is not a citizen of California.

## **Amount in Controversy**

18.     The Named Plaintiff's allegations as the amount in controversy are ambiguous when viewed in the context of the full scope of relief sought by the Complaint.  For instance, the Prayer for Relief for each and every cause of action seeks "for such other special damages, penalties, and other relief for Plaintiffs and Class members as this Court may deem just and proper", and the Prayer is devoid of any allegations that the relief sought is below $5 million. Amended Complaint ¶ 156. As such, the Amended Complaint is ambiguous about the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)(Amended Complaint ambiguous as to amount in controversy where no mention was made in the Prayer for Relief of a total value amount in controversy, even though the Complaint included other allegations of such amount); *Trahan v. U.S. Bank Nat'l Assoc.,* 09-03111, 2009 WL 4510140 *3 (N.D. Cal. Nov. 30, 2009).  This failure of the Complaint to clearly specify the total amount of monetary relief sought by Plaintiffs does not deprive this Court of jurisdiction. W*hite v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va.1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim.").  Schneider only

1   needs to establish by a preponderance of the evidence that Plaintiffs' claims exceed

2   the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404

3   (9th Cir.1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th

4   Cir.1997).

5           19.       While Schneider denies the validity of Plaintiffs' claims and requests

6   for relief, the facial allegations in the Complaint and their claimed damages are in

7   excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295,

8   298 (5th Cir.1999) (finding that facts presented in notice of removal, combined with

9   plaintiff's allegations, were sufficient to support finding of jurisdiction); *DeAguillar*

10   *v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (stating that "defendant can show

11   by a preponderance of the evidence that the amount in controversy is greater than the

12   jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th

13   Cir.1992); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir.2003) (facially

14   apparent from the lengthy list of damages, combined with a claim for attorney's fees,

15   that plaintiff's claim exceeded the jurisdictional threshold).

16           20.       Here, the putative class members worked approximate 15,000 weeks

17   at Schneider during the Putative Class Period. Reich Decl., ¶ 9 & **Exhibit C**. There

18   are approximately 161 members in the Putative Class Period, who earned an average

19   of approximately $15.00 per hour, and worked four days each week.

20         Schneider currently employs 78 mechanics in California. *Id.* ¶ 10.

21   Approximately 83 mechanics have been terminated during the Class Period. ¶ 11.

22       **A.**     **First Cause of Action**

23         The first cause of action places in excess of $900,000 in controversy, which is

24   calculated at 15,000 weeks multiplied by 4 days per week (60,000 days), and 2 hours

25   per day at .5 times the hourly rate (the difference between overtime ($22.50) and

26   Straight time ($15.00) of $7.50).

27         Plaintiffs also claim that Schneider did not pay for .5 hours of his meal breaks

28   at the overtime rate. *Id.* At 15,000 weeks worked for the class, 4 days per week

1   (60,000 days), and .5 hours per day at a rate of $22.50 (Overtime), this claim

2   amounts to approximately $675,000.00.

3        Plaintiffs also allege a civil penalty under Section 558.  With approximately

4   73 employees in the last year, and 52 pay periods, these allegations place an

5   additional $189,800 in controversy.

6   **B.   Second Cause of Action**

7        Plaintiffs fail to provide sufficiently specific allegations to enable an estimate

8   here.

9   **C.   Third Cause of Action**

10       Plaintiffs fail to provide sufficiently specific allegations to enable an estimate

11  here.

12  **D.   Fourth Cause of Action**

13       Plaintiffs allege that Schneider failed to provide him with "all legally required

14  meal periods" and states that class members is entitled to one hour of additional pay

15  at a regular rate of compensation for each work day that a proper meal break was not

16  provided.  At 15,000 weeks worked for the putative class, 4 days per week (60,000

17  days), at the average rate of pay of $15.00, the amount in controversy exceeds

18  $900,000.00.

19  **E.   Fifth Cause of Action**

20       Plaintiffs further allege that rest breaks were not provided.  At 15,000 weeks

21  worked for the class, 4 days per week (60,000 days), at the average rate of pay of

22  $15.00, the amount in controversy exceeds $900,000.00.

23  **F.   Sixth Cause of Action**

24       Plaintiffs allege that Schneider failed to provide its employees with wage

25  statements that provided all required information pursuant to Cal. Lab. Code § 226.

26  Using the maximum amount of $4,000.00 by 161 (the total amount of employees

27  currently employed), these allegations place an additional amount of $644,000.00 in

28  controversy.

1  Plaintiff also alleges Labor Code 226.3 violations under PAGA.  There were

2  approximately 73 employees in the year prior to the filing of the Complaint, and 52

3  pay periods, which places an additional $949,000 in controversy.

4  **G.    Seventh Cause of Action**

5  Plaintiffs further allege that Schneider has failed to provide its employees with

6  compensation due and owing to said employees upon discharge according to Cal.

7  Lab. Code § 201. At 8 hours a day standard time at the average pay of $15.00 plus 2

8  hours a day at overtime at overtime rate of $22.50 for 30 days a month for 83

9  employees (employees terminated in the last year), the amount in controversy of the

10  seventh cause of action exceeds $410,000.00.

11  **H.    Eight Cause of Action**

12  Because the relief to which all Plaintiffs would be entitled under this cause of

13  action does not add value to his claim, Schneider does not assign a value to it for

14  removal purposes.

15  **I.    Attorney Fees**

16  Assuming a 25% recovery for attorney's fees, these allegations place an

17  amount in controversy that exceeds the jurisdictional minimum of $5,000,000.00.

18  WEHREFORE, Schneider removes this action to this Court.

19  DATED: June 21, 2010              OGLETREE, DEAKINS, NASH, SMOAK

20                                   & STEWART, P.C.

21

22  By:    _____

23         Douglas J. Farmer
        Michael J. Nader

24         Attorneys for Defendants
        SCHNEIDER NATIONAL
        CARRIERS, INC.

Case No. BC 431370

8781493_3.DOC

# EXHIBIT A

BC 5/20 3:50

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

SCHNEIDER NATIONAL CARRIERS, INC., a Nevada
corporation; and DOES 1 through 30, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

**FEB 05 2010**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

LUIS POLANCO, an individual; ALAN KRUMBINE, an individual;
ASUNCION ARIAS, an individual; and DOE PLAINTIFFS; on
behalf of themselves and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA<br>111 N. Hill St.<br><br>Los Angeles, CA 90012 | CASE NUMBER:<br>(Número del Caso):<br><br>**BC 431370** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Daniel R. Chaleff, SB# 173028               (818) 703-7500  (818) 703-7498
William D. Rehwald, SB# 51396
REHWALD GLASNER & CHALEFF
Woodland Hills, CA 91367                         AMBER LaFLEUR-CLAYTON

DATE:      **JOHN A. CLARKE, CLERK** by _____, Deputy
(Fecha)                            (Secretario)                           (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

FEB 0 5 2010

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Schneider National Carriers, INC - a Nevada Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

1  Steve W. Berman
   **HAGEN BERMAN SOBOL SHAPIRO LLP**
2  1918 8th Avenue, Ste. 3300
   Seattle, WA 98101
3  (206) 623-7292
4  Steve@hbsslaw.com

5  Lee M. Gordon, SB# 174168
   **HAGEN BERMAN SOBOL SHAPIRO LLP**
6  700 S. Flower St., Ste. 2940
   Los Angeles, CA 90017-4101
7  (213) 330-7150   Facsimile (213) 330-7152
8  Lee@hbsslaw.com

9  William Rehwald, SB#51396
   Lawrence M. Glasner, SB#142677
10 Daniel R. Chaleff, SB#173028
   Kevin Rehwald, SB#255334
11 **REHWALD GLASNER & CHALEFF**
   5855 Topanga Canyon Blvd., Suite 400
12 Woodland Hills, California 91367
   (818) 703-7500   Facsimile (818) 703-7498
13 dchaleff@rehwaldlaw.com
14

15 Attorneys for Plaintiff and the Putative Class

16
17       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

18       **COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST**

19 LUIS POLANCO, an individual; ALAN          CASE NO.
   KRUMBINE, an individual; ASUNCION
20 ARIAS, an individual; and DOE PLAINTIFFS;          **BC 4 3 1 3 7 0**
   on behalf of themselves and all others similarly
21 situated,
                                              **CLASS ACTION**
22                Plaintiffs,
                                              **CLASS ACTION COMPLAINT FOR**
23       vs.                                  **VIOLATIONS OF THE LABOR CODE AND**
                                              **UNFAIR COMPETITION LAW**
24
   SCHNEIDER NATIONAL CARRIERS, INC., a
25 Nevada corporation; and DOES 1 through 30,
   inclusive,                                 **DEMAND FOR JURY TRIAL**
26
27                Defendants.

28
                                    1
   ─────────────────────────────────────────────────────
   Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 05 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

1.     Plaintiffs Luis Polanco, Alan Krumbine and Asuncion Arias, individually and on behalf of all others similarly situated, by and through their undersigned attorneys and for their Class Action Complaint ("Complaint") against Defendant Schneider National Carriers, Inc. ("Schneider National" or "Defendant"), allege upon personal knowledge and belief as to their own acts, and upon information and belief (based upon the investigation of their counsel) as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## I.  NATURE OF THE CASE

2.     This Complaint asserts claims against Defendant for violations of California Labor Code §§ 226, 226.3, 226.7, 510, 558, 1194, 1198, and Bus. & Prof. Code § 17200 et seq.

3.     This action is brought as a class action on behalf of all residents of the State of California who, at any time during the four (4) years preceding the filing of the Complaint, up to and including the present, were or are employed as mechanics of Defendant Schneider National who did not receive overtime compensation, rest breaks, accurate itemized wage statements, or all final wages on cessation of employment as required by law.  Plaintiffs allege that such mechanics include, but are not limited to, employees working at Schneider National facilities in Los Angeles, Fontana, and Hayward, California. A four (4) year statute of limitations applies to the Unfair Competition Law claim; shorter periods may apply to other claims.  Plaintiffs anticipate that through discovery and prior to moving for class certification they may be able to specifically identify other categories of employees appropriate for inclusion in the Class.

4.     Schneider National provides transportation, logistics, and related services.  Schneider National serves more than 80% of the Fortune 500 companies, offering a broad portfolio of services. Schneider National owns a fleet of approximately 10,000 trucks and employs over 10,000 company drivers.  Schneider National services its fleet of trucks throughout California, currently employing an estimated 80 mechanics who regularly are scheduled to work four (4) ten hour days, without overtime compensation.

5.     At all times relevant hereto, Labor Code §§ 510, 558, 1194 and 1198, California Code of Regulations §11070, and corresponding Industrial Wage Commission ("IWC") Wage Orders Nos.

2

1   4-2001 and 9-2001, required payment of overtime wages equal to one and one-half times an employee's

2   regular rate of pay for all hours worked over eight (8) hours per day, or 40 hours in a work week, and for

3   payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in

4   excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh

5   (7th) day of work in any one (1) work week.   As alleged herein, Defendant has intentionally and

6   improperly failed to pay mechanics working more than 8 hours in a day, overtime compensation as

7   required by the California Labor Code, the Code of Regulations, the applicable IWC Wage Orders, and

8   California's Unfair Competition Laws, Bus. & Prof. Code § 17200 *et seq.* (the "UCL").   Defendant's

9   overtime violations include:

   (a)   Failing to pay daily overtime owed to class members who routinely worked more than 8 hours per day, and who were not subject to a valid Alternative Workweek Schedule adopted pursuant to Labor Code Section 511;

   (b)   Failing to compensate class members for time spent prepping for vehicle service work (such as preparing tools and work bays, logging into the company's computer system, and/or waiting for vehicle service assignments); and

   (c)   Failing to pay all overtime owed to class members as reported on their timecards due to Defendant's unlawful practice of rounding-down the actual time reported in excess of scheduled work shifts.

19   6.   At all times relevant hereto, Labor Code §§ 226, 226.3, and IWC Wages Orders required

20   employers to provide employees with accurate itemized wage statements showing gross wages, total

21   hours worked, all applicable hourly rates worked during each pay period, and the corresponding number

22   of hours worked at each hourly rate.   As alleged herein, Defendant has intentionally and improperly

23   failed to pay mechanics employed by Schneider National overtime compensation as required by law,

24   and have failed to accurately report on employee's itemized statements the correct gross wages, total

25   overtime hours worked, the proper overtime hourly rates, and/or the corresponding number of hours

26   worked at each hourly rate, all in violation of the Labor Code, IWC Wages Orders, and UCL.

27   7.   At all relevant times hereto, Labor Code § 226.7 and the applicable IWC Wage Orders

28   required the employer to provide employees with a rest period which, in so far as practicable, shall be in

3

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

1   the middle of each work period.  The authorized rest period shall be based upon the total hours worked

2   daily at the rate of ten minutes rest time per four hours or major fraction thereof.  As alleged herein,

3   Defendant has intentionally and improperly failed to authorize and permit employees to take rest periods

4   as required by law, and failed to pay employees one hour of pay at their regular rate of compensation for

5   each work day that a rest period was not provided.

6        8.    In this class action, Plaintiffs seek for themselves, and all others similarly situated,

7   injunctive relief in the form of an order prohibiting Defendant from failing to pay overtime

8   compensation to mechanics working more than 8 hours in a day and/or 40 hours in a week, prohibiting

9   Defendant from excluding the time spent prepping for vehicle service work from hours compensated,

10  prohibiting Defendant from rounding-down the actual time reported by class members in excess of

11  scheduled work shifts, prohibiting Defendant from obstructing legally-required rest periods, and

12  prohibiting Defendant from issuing false or misleading wage statements.  Plaintiffs, on behalf of

13  themselves and all others similarly situated, seek damages and penalties for violations of the Labor Code

14  and seek payment of restitution of all sums wrongfully obtained by Defendant in violation of the UCL

15  ("restitution" as used herein includes, without limitation, any and all restitutionary disgorgement that

16  may be granted under the UCL).

17       9.    The full extent of the facts linking the fictitiously designated Defendants with the causes

18  of action alleged herein is unknown to Plaintiffs.  In addition, the true names and capacities, whether

19  individual, plural, corporate, partnership, associate, or otherwise of Defendant DOES 1 through 30, are

20  unknown to Plaintiffs at this time.  Plaintiffs therefore sue said Defendants by such fictitious names and

21  will ask leave of this Court to amend this Complaint to show their true names and capacities when

22  ascertained.  Said Defendants are sued as principals and/or agents, and employees of said principals, and

23  all of the acts performed by them as agents, and employees were performed within the course and scope

24  of their authority and employment.  Based on information and belief, Plaintiffs allege that each and

25  every person designated as a DOE Defendant was responsible for the events referred to herein and in

26  some manner caused the injuries to Plaintiffs as hereinafter alleged.  Plaintiffs will amend this

27  Complaint to state the manner in which each fictitious Doe Defendant is so responsible.

28  ///

4

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

10.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, Defendant Schneider National and all Doe Defendants, each acting as agents and/or employees, and or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.  Plaintiffs are informed and believe, and thereon allege, that at all times material hereto Defendant Schneider National and each Doe Defendant were and are the agents of each other.

## II.  JURISDICTION AND VENUE

11.     The Plaintiffs are citizens of California, while Defendant Schneider National is a Nevada corporation doing business throughout the state of California.

12.     This Court has personal jurisdiction over the parties because Plaintiffs and the members of the proposed Class submit to the personal jurisdiction of this Court, and Schneider National systematically and continually does business in the County of Los Angeles.

13.     Venue is also proper pursuant to Code of Civ. Proc. § 395 and § 395.5 and Bus. & Prof. Code § 17204 because Plaintiff Luis Polanco lives in the County of Los Angeles, Plaintiff Asuncion Arias lives in the County of Los Angeles, Alan Krumbine lives in the County of San Bernardino, and Schneider National systematically does business in the County of Los Angeles.  Moreover, all claims asserted herein arise under California law based on employment at Defendant Schneider National's facilities in California, including its facilities in Los Angeles, California.

## III.  THE PARTIES

14.     Plaintiff Luis Polanco ("Polanco") resides in the County of Los Angeles, California. From January 2005 through February 2006, and from July 2008 through August 2009, Schneider National employed Polanco as a mechanic at its facility in Los Angeles, California.  At all times while employed by Schneider National, Polanco routinely worked a 10 hour shift, but was not paid overtime compensation.  Plaintiff was denied legally required rest breaks, did not receive accurate itemized statements, and did not receive all wages due on termination of employment.

///

///

5

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

15.     Plaintiff Alan Krumbine ("Krumbine") resides in the County of San Bernardino, California.  From July 1994 through May 2009, Schneider National employed Krumbine as a mechanic at its facility in Fontana, California.  At all times while employed by Schneider National, Krumbine routinely worked a 10 hour shift, but was not paid overtime compensation.  Plaintiff was denied legally required rest breaks, did not receive accurate itemized statements, and did not receive all wages due on termination of employment.

16.     Plaintiff Asuncion Arias ("Arias") resides in the County of Los Angeles, California.  From 1992 until the present, Schneider National employed Arias as a mechanic at its facility in Los Angeles, California.  At all times while employed by Schneider National, Arias routinely worked a 10 hour shift, but was not paid overtime compensation.  Plaintiff was denied legally required rest breaks, and did not receive accurate itemized statements.

17.     Defendant Schneider National Carriers, Inc. was and is a corporation organized and existing under the laws of the State of Nevada.  Schneider National was and is doing business throughout the State of California with substantial contacts in California and with business locations dispersed throughout Northern and Southern California, including the County of Los Angeles.

18.     At all relevant times herein, Schneider National served as Plaintiffs' and Class members' employer, within the meaning of the Labor Code and IWC Wages Orders.

## IV.   FACTUAL BACKGROUND

**A.   Defendant's Failure To Pay Overtime With Accurate Itemized Wage Statements**

19.     Schneider National provides transportation services throughout California.  Schneider National owns a fleet of trucks and employs thousands of drivers throughout the state.  To service its trucks, Schneider National employs mechanics at multiple facilities located throughout California.

20.     Schneider National's mechanics are routinely scheduled to work four 10-hour days per week (plus meal periods).  Mechanics are provided two paid 30 minute meal periods throughout the workday (in addition to the 10 hours of scheduled work).  Mechanics routinely work 10 hours or more per day.  Mechanics are not paid any overtime compensation when working the scheduled 10 hours per day.  On information and belief, Schneider National mechanics have not instituted an Alternative Work Week Schedule pursuant to the election procedure set forth in IWC Wage Orders Nos. 4-2001 and 9-

6

1    2001, and Labor Code § 511. Therefore, Schneider National is not exempt from the requirement of

2    paying overtime compensation for all time worked in excess of 8 hours per day. Rather, when a class

3    member works a routine four-day week, 10 hours per day schedule, he or she is unlawfully deprived of 2

4    hours per day of overtime compensation (required under Labor Code Section 510), which amounts to a

5    loss of 8 hours of overtime compensation per week.

6           21.    Plaintiff Polanco, for example, routinely worked four 10-hour days per week. However,

7    he was not paid any overtime compensation for the two hours of daily overtime he worked on each work

8    day. Plaintiff Polanco's time card recorded hours 9 and 10 at the regular rate of pay, and his itemized

9    statement did not include the proper number of overtime hours worked, nor the proper overtime rate that

10   Plaintiff Polanco was entitled to under California Law, nor the proper wage amounts. Further, Plaintiff

11   Polanco needed to prepare at the workplace for vehicle service work (e.g., prepping tools and work

12   bays, logging into the company's computer system, waiting for vehicle service assignments). Defendant

13   illegally excluded the time spent prepping for vehicle service work, which further denied him overtime

14   compensation.

15          22.    On information and belief, if and when Plaintiff Polanco needed to work more than 10

16   hours in a day due to work demands, Schneider National routinely adjusted his timecard downward to

17   eliminate hours worked in excess of the 10 hours scheduled for the day. Accordingly, Schneider

18   National did not pay Plaintiff the proper overtime compensation for all hours worked.

19          23.    Plaintiff Krumbine, for example, routinely worked four 10-hour days per week.

20   However, he was not paid any overtime compensation for the two hours of daily overtime he worked on

21   each work day. On information and belief, Plaintiff Krumbine's time card recorded hours 9 and 10 at

22   the regular rate of pay, and his itemized statement did not include the proper number of overtime hours

23   worked nor the proper overtime rate that Plaintiff Krumbine was entitled to under California Law, nor

24   the proper wage amounts. Further, Plaintiff Krumbine needed to prepare at the workplace for vehicle

25   service work (e.g., prepping tools and work bays, logging into the company's computer system, waiting

26   for vehicle service assignments). Defendant illegally excluded the time spent prepping for vehicle

27   service work, which further denied him overtime compensation.

28   ///

7

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

24.     On information and belief, if and when Plaintiff Krumbine needed to work more than 10 hours in a day due to work demands, Schneider National routinely adjusted his timecard downward to eliminate hours worked in excess of the 10 hours scheduled for the day.   Accordingly, Schneider National did not pay Plaintiff the proper overtime compensation for all hours worked.

25.     Plaintiff Arias, for example, routinely worked four 10-hour days per week.   However, he was not paid any overtime compensation for the two hours of daily overtime he worked on each work day.  On information and belief, Plaintiff Arias's time card recorded hours 9 and 10 at the regular rate of pay, and his itemized statement did not include the proper number of overtime hours worked nor the proper overtime rate that Plaintiff Arias was entitled to under California Law, nor the proper wage amounts.   Further, Plaintiff Arias needed to prepare at the workplace for vehicle service work (e.g., prepping tools and work bays, logging into the company's computer system, waiting for vehicle service assignments).   Defendant illegally excluded the time spent prepping for vehicle service work, which further denied him overtime compensation.

26.     On information and belief, if and when Plaintiff Arias needed to work more than 10 hours in a day due to work demands, Schneider National routinely adjusted his timecard downward to eliminate hours worked in excess of the 10 hours scheduled for the day.   Accordingly, Schneider National did not pay Plaintiff the proper overtime compensation for all hours worked.

27.     Schneider National's failure to pay overtime compensation to mechanics working more than 8 hours in a day, its failure to pay for time spent at the workplace prepping for vehicle service work, its unlawful practice of rounding-down work time, its failure to provide mechanics with accurate itemized wage statements, and its failure to pay all monies due and owing upon termination of employment, violate California labor laws and deprive the class member mechanics of their lawful overtime compensation.

28.     In addition, Defendant has intentionally and improperly failed to authorize and permit class members to take the 10 minute rest periods to which they were legally entitled.   Rather, as a general practice, Schneider National would direct its mechanics to tend to all personal affairs during their meal periods.

///

8

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

29.    For example, Plaintiff Polanco routinely worked 10 hours per day without rest periods. The company directed him to tend to all personal affairs during his meal periods.

30.    Similarly, Plaintiff Krumbine routinely worked 10 hours per day without rest periods. The company directed him to tend to all personal affairs during his meal periods.

31.    Similarly, Plaintiff Arias routinely worked 10 hours per day without rest periods.  The company directed him to tend to all personal affairs during his meal periods.

**B.    Under California Law, Plaintiffs And Members Of The Class Are Entitled To Receive Overtime Pay, Accurate Wage Statements, And Rest Periods**

32.    IWC Wage Order Nos. 4-2001 and 9-2001 protect all non-exempt employee mechanics in California, and states in pertinent part:

"3. Hours and Days of Work

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of

9

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

1    eight (8) hours on the seventh (7th) consecutive day of work in a
2    workweek."

3        33.   Labor Code §§ 510, 558, 1194 and 1198, Code of Regulations § 11070, and the
4    corresponding IWC Wages Order provide that non-exempt employees in California shall not be
5    employed more than eight (8) hours in any work day nor more than 40 hours in any workweek without
6    receiving additional compensation beyond their regular wages in amounts specified by law.

7        34.   Labor Code §§ 226, 226.3 and IWC Wages Orders provide that employers must provide
8    non-exempt employees with itemized wage statements showing total hours worked and all applicable
9    hourly rates.

10       35.   Labor Code § 226.7 and the applicable IWC Wage Orders provide that non-exempt
11   employees in California are entitled to rest periods as mandated by the applicable IWC Wage Orders.
12   The authorized rest period shall be based upon the total hours worked daily at the rate 10 minutes net
13   rest time for every four hours or major fraction thereof.  If an employer fails to provide the appropriate
14   rest periods, the employer must pay one hour of additional pay at the employee's regular rate of
15   compensation for each work day that a rest period is not provided.

16       36.   Defendant's conduct of requiring additional work beyond 8 hours in a day from Plaintiffs
17   and Class members in the absence of overtime pay and rest periods, knowingly and intentionally failing
18   to provide accurate itemized wage statements, and willfully failing to pay wages earned and unpaid
19   promptly upon employees' termination or resignation violates the above-referenced provisions of
20   California law and also constitutes unfair competition and unlawful, unfair and fraudulent acts and
21   practices within the meaning of the UCL.

22                 **V.   CLASS ACTION ALLEGATIONS**

23       37.   Plaintiffs bring this action individually and as a class action on behalf of a proposed
24   "Class" defined as follows:

25           All persons, at any time during the period from four years prior to
26           the filing of the complaint, up to and including the present, who
27           were employed as hourly mechanics at any Schneider National
28           location in the State of California.

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

Plaintiffs reserve the right to modify the definition of the Class after further discovery. All named Plaintiffs and Class members seek relief under the Labor Code and UCL as alleged in the Complaint. This action is brought and may properly be maintained as a class action pursuant to Code Civ. Proc. § 382 and California. Rules of Court, Rule 3.764 *et. seq.*. This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions. To the extent that Defendant maintains that any mechanic employed by Schneider National in California has released claims asserted herein, such "release" is void pursuant to California Labor Code § 206 and § 206.5, and is otherwise invalid, unconscionable, and unenforceable under California law.

38.   **Numerosity of the Class.** The members of the Class are so numerous that the individual joinder of all members is impracticable. While the exact number and identities of Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiffs believe and therefore allege that there are approximately 100 or more members of the Class (including current mechanics and former mechanics that work or that worked at Schneider National locations in California).

39.   **Typicality of Claims.** Plaintiffs' claims are typical of the claims of the members of the Class, and Plaintiffs' interests are consistent with and not antagonistic to those of the other Class members they seek to represent. Plaintiffs and all members of the Class have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as complained of herein. The damages sustained by each member of the Class were caused directly by Defendant's wrongful conduct, as alleged herein.

40.   **Adequacy of Representation.** Plaintiffs will fairly and adequately protect the interests of the members of the Class. Their claims are not antagonistic to those of the Class members. Plaintiffs have retained attorneys who are experienced in the prosecution of complex class actions and employment cases, and Plaintiffs intend to prosecute this action vigorously.

41.   **Community of Interest; Existence and Predominance of Common Questions of Law or Fact.** Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class.

///

11

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

<u>Common Class Questions</u>:

The common legal and factual questions, which do not vary among Class members, and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

(a)     Whether Defendant failed to pay overtime wages due to each Class member in violation of Labor Code §§ 510, 558, 1194 and 1198 and IWC Wages Orders;

(b)     Whether Defendant failed to adopt a valid Alternative Workweek Schedule in accordance with Labor Code § 511;

(c)     Whether Defendant failed to provide legally required rest periods due to each class member in violation of Labor Code § 226.7 and the applicable IWC Wage Orders.

(d)     Whether Defendant failed to provide accurate itemized wage statements to each Class member in violation of Labor Code §§ 226, 226.3 and IWC Wages Orders;

(e)     Whether Defendant wrongfully deprived Class members of overtime compensation for time spent prepping for vehicle service work (such as prepping tools and work bays, logging into the company's computer system, and/or waiting for vehicle assignments);

(f)     Whether Defendant's practice of rounding down work time to conform to scheduled shifts unlawfully reduced or eliminated overtime compensation otherwise due to class members;

(g)     Whether Defendant violated Labor Code § 203 by failing to pay Class Members all wages due on termination of employment;

(h)     Whether Defendant's conduct constitutes unlawful, unfair, and/or fraudulent business practices under the UCL;

(i)     Whether Class Members are entitled to relief requiring Defendant to pay Class Members overtime compensation when working more than 8 hours a day and more than 40 hours a week in any work week;

(j)     Whether Class Members are entitled to injunctive relief requiring Defendant to provide mechanics with accurate itemized wage statements showing the total overtime hours worked, applicable overtime pay rates, and the proper wage amounts;

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

(k)     Whether Class Members are entitled to restitution of overtime wages withheld by Defendant;

(l)     Whether Class Members are entitled to restitution of rest period wages; and

(m)     Whether Class Members are entitled to statutory penalties for Defendant not providing the Class members with all overtime wages, all rest period wages, accurate itemized wage statements, and wages due upon termination of employment.

42.     **Superiority.**   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.  Plaintiffs anticipate no difficulty in the management of this action as a class action.

43.     The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

44.     The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

45.     Defendant has acted or refused to act in respects generally applicable to the Class during the period beginning four years prior to the filing of the Complaint and continuing up to and including the present (the "Class Period").  Defendant's conduct thereby makes appropriate final and injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole, as requested herein.  Likewise, Defendant's conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Failure To Pay Daily Overtime Compensation In Violation Of California Labor Code)

46.     The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

47.     Pursuant to California Labor Code §§ 218 and 1194(a), Plaintiffs may bring a civil action for overtime wages directly against the employer.

48.     At all times herein relevant, the applicable Labor Code, Code of Regulations and the applicable IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with Defendant.

49.     At all times herein relevant, §§ 510, 1194, and 1198 of the Labor Code, applicable regulations, and the applicable IWC Wage Orders provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day, or over forty (40) hours in a work week, and for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

50.     For the 9th and 10th hours of work each day, Defendant has intentionally and improperly failed to pay wages due and owing to Plaintiffs and Class members at the daily overtime rate, in violation of the Labor Code, applicable regulations, and the applicable IWC Wage Orders.

51.     During their employment with Defendant, Plaintiffs and members of the Class were required to work over eight (8) hours per day, and/or over 40 hours in a work week, without payment of daily overtime wages as required by law.

52.     As a matter of policies, practices, and/or procedures, Schneider National has not paid daily overtime compensation for work in excess of 8 hours per day.  The company only paid the regular rate of compensation for the 9th and 10th hours of work each day, despite the fact that the company does not have a valid Alternative Workweek Schedule pursuant to California Labor Code § 511, and did not have a valid Alternative Workweek Schedule in place at any time during the Class Period (the "Daily Overtime Violation").

14

53. As a result of the Daily Overtime Violation, Defendant owes Plaintiffs and each Class member overtime wages pursuant to Labor Code §§ 510, 1194 and 1198 and the applicable IWC Wage Orders according to proof at trial of the hours worked during the three (3) years prior to the filing of the Complaint up to and including the present.

54. Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and Class members the amounts that are due and owing as a result of the Daily Overtime Violation. Defendant's failure to pay Plaintiffs and Class Members overtime wages violates Labor Code §§ 510, 558, 1194, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the filing the Complaint, up to and including the present.

55. Plaintiffs request payment of daily overtime compensation according to proof, interest, attorneys' fees and costs pursuant to Labor Code § 1194(a), and any other statutory penalties against Defendant in a sum as provided by the Labor Code and/or other statutes.

56. Plaintiffs and the Class members also request relief as described below.

## SECOND CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Failure To Compensate For Prep Time In Violation Of California Labor Code)

57. The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

58. Pursuant to California Labor Code §§ 218 and 1194(a), Plaintiffs may bring a civil action for overtime wages directly against the employer.

59. At all times herein relevant, the applicable Labor Code, Code of Regulations and the applicable IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with Defendant.

60. At all times herein relevant, §§ 510, 1194, and 1198 of the Labor Code, applicable regulations, and the applicable IWC Wage Orders provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day, or over forty (40) hours in a work week, and for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

15

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

61.     Defendant has intentionally and improperly failed to make payment of overtime wages and other benefits to Plaintiffs and Class members for time spent prepping for vehicle service work, in violation of the Labor Code, applicable regulations, and the applicable IWC Wage Orders.

62.     During their employment with Defendant, Plaintiffs and members of the Class were required to work over eight (8) hours per day, and/or over 40 hours in a work week, without payment of overtime wages and other benefits as required by law.

63.     As a matter of policies, practices, and/or procedures, Schneider National has not paid overtime compensation for time spent at the workplace prepping for service work, such as prepping tools and work bays, logging into the company's computer system, and/or waiting for work assignments (the "Prep Time Violation"). The time spent by Plaintiffs and Class members prepping for service work was subject to the control of the employer, Schneider National.

64.     As a result of the Prep Time Violation, Defendant owes Plaintiffs and each Class member overtime wages pursuant to Labor Code §§ 510, 1194 and 1198, applicable regulations, and the applicable IWC Wage Orders according to proof at trial for the hours worked during the three (3) years prior to the filing of the Complaint up to and including the present.

65.     Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and Class members the amounts that are due and owing as a result of the Prep Time Violation. Defendant's failure to pay Plaintiffs and Class Members overtime wages violates Labor Code §§ 510, 558, 1194, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the filing the Complaint, up to and including the present.

66.     Plaintiffs request payment of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to Labor Code § 1194(a), and any other statutory penalties against Defendant in a sum as provided by the Labor Code and/or other statutes.

67.     Plaintiffs and the Class members also request relief as described below.

### THIRD CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Rounding-Down Overtime In Violation of California Labor Code)

68.     The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

16

69.   Pursuant to California Labor Code §§ 218 and 1194(a), Plaintiffs may bring a civil action for overtime wages directly against the employer.

70.   At all times herein relevant, the applicable Labor Code, Code of Regulations and the applicable IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with Defendant.

71.   At all times herein relevant, §§ 510, 1194, and 1198 of the Labor Code, applicable regulations, and the applicable IWC Wage Orders provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day, or over forty (40) hours in a work week, and for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

72.   Defendant has intentionally and improperly failed to make payment of overtime wages and other benefits to Plaintiffs and Class members for time spent beyond scheduled shifts, rounding down reported overtime in violation of the Labor Code, applicable regulations, and the applicable IWC Wage Orders.

73.   During their employment with Defendant, Plaintiffs and members of the Class were required to work over eight (8) hours per day, and/or over 40 hours in a work week, without payment of overtime wages and other benefits as required by law.

74.   As a matter of policies, practices, and/or procedures, Schneider National routinely rounded down work time reported in excess of scheduled shifts (the "Rounding Down Violation").

75.   As a result of the Rounding Down Violation, Defendant owes Plaintiffs and each Class member overtime wages pursuant to Labor Code §§ 510, 1194 and 1198, applicable regulations, and the applicable IWC Wage Orders according to proof at trial of the hours worked during the three (3) years prior to the filing of the Complaint up to and including the present.

76.   Defendant has failed and refused, and continue to fail and refuse, to pay Plaintiffs and Class members the amounts that are due and owing as a result of the Rounding Down Violation. Defendant's failure to pay Plaintiffs and Class Members overtime wages violates Labor Code §§ 510, ////

17

1 | 558, 1194, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the

2 | filing the Complaint, up to and including the present.

3 |      77.    Plaintiffs request payment of overtime compensation according to proof, interest,

4 | attorneys' fees and costs pursuant to Labor Code § 1194(a), and any other statutory penalties against

5 | Defendant in a sum as provided by the Labor Code and/or other statutes.

6 |      78.    Plaintiffs and the Class members also request relief as described below.

7 | **FOURTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW**

8 | **<u>(Failure To Provide Rest Periods In Violation Of California Labor Code)</u>**

9 |      79.    The preceding paragraphs of this Complaint are realleged and incorporated by reference

10 | hereto as though fully set forth herein.

11 |      80.    At all times herein relevant, Labor Code § 226.7 and the applicable IWC Wage Orders

12 | provide that employees must receive rest periods of 10 minutes for each 4 hours of work.

13 |      81.    Defendant failed to provide the legally required rest periods during the Class Period (the

14 | "Rest Period Violation").

15 |      82.    Because Defendant failed to provide the legally required rest periods, they are liable to

16 | Plaintiffs, and each Class Member, for one hour of additional pay at the regular rate of compensation for

17 | each work day that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and the

18 | applicable IWC Wage Orders.

19 |      83.    Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and

20 | Class members the rest period wages that are due and owing as a result of the Rest Period Violation.

21 | Defendant's failure to pay Plaintiffs and Class Members rest period wages violates Labor Code §§

22 | 226.7, 558, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the

23 | filing the Complaint, up to and including the present.

24 |      84.    Plaintiffs and the Class Members also request relief as described below.

25 | **FIFTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW**

26 | **<u>(Failure To Provide Accurate Wage Statements In Violation Of California Labor Code)</u>**

27 |      85.    The preceding paragraphs of this Complaint are realleged and incorporated by reference

28 | hereto as though fully set forth herein.

18

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

86.     At all times herein relevant, Labor Code §§ 226 and the applicable IWC Wage Orders required that employers provide employees with itemized wage statements showing total hours worked, all applicable hourly rates, and proper wage amounts.

87.     Labor Code § 226(e) provided that if an employer knowingly and intentionally fails to provide employee's a statement showing the total hours worked, all applicable hourly rates, and proper wages, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4,000.

88.     Defendant has knowingly and intentionally failed to furnish Plaintiffs, and each Class member with timely and accurate itemized statements showing the total hours worked, all applicable hourly rates, and proper wage amounts (among other requirements), as required by Labor Code § 226(a) (the "Wage Statement Violation").

89.     As a result of the Wage Statement Violation, Defendant is liable to Plaintiffs and each Class member for the amounts provided by Labor Code § 226(e) for the one (1) year prior to the filing of the Complaint up to and including the present.

90.     Plaintiffs are also entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(e).

91.     Plaintiffs and Class members also request relief as described below.

## SIXTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Waiting Time Penalties For Violation Of California Labor Code § 203)

92.     The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

93.     Labor Code § 201 requires and employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation.  Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

94.     During the Class Period, Defendant Schneider National has willfully failed and refused to timely pay all compensation due and owing to Class members whose employment terminated during the Class Period, as required by Labor Code §§ 201 and 202 (the "Waiting Time Violation").

95.     As a result of the Waiting Time Violation, Defendant is liable to Plaintiff and the Class Members for waiting time penalties, together with interest thereon and attorney's fees and costs, in accordance with California Labor Code § 203.

96.     Defendant is also liable for civil penalties pursuant to Labor Code §§ 558 and 1198, in the amounts set forth therein, for the one (1) year prior to the filing of the Complaint, up to and including the present.

97.     Plaintiff and the Class request relief as described below.

**SEVENTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW**

**(Violations Of The UCL, Cal. Bus. & Prof. Code §§ 17200, _et. seq._)**

98.     The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

99.     Defendant's acts constitute a continuing and ongoing unlawful, unfair, and fraudulent activity prohibited by the UCL and justify the issuance of an injunction, restitution and other equitable relief pursuant to Bus. & Prof. Code § 17203.

100.     Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to pay overtime and benefits pursuant to Labor Code §§ 510, 558, 1194 and 1198, to provide legally required rest periods pursuant to Labor Code § 226.7, to provide accurate itemized wage statements pursuant to Labor Code §§ 226, 226.3, and the applicable IWC Wage Orders, and to pay all wages on termination of employment pursuant to Labor Code § 203. Defendant's conduct of requiring Plaintiffs and Class members to work over 8 hours in a day in the absence of overtime, without adequate rest periods, without providing accurate itemized wage statements, and without paying wages earned and unpaid promptly upon termination or resignation directly violates state law, constitutes and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

///

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

101.   Through the wrongful and illegal conduct alleged herein (including the Daily Overtime Violation, Prep Time Violation, Rounding Down Violation, Rest Period Violation, Wage Statement Violation, and Waiting Time Violation), Defendant has acted contrary to the public policy of this State.

102.   Defendant has engaged in unlawful business acts and practices by violating California law including, but not limited to, Labor Code §§ 201-203, 226, 226.3, 226.7, 510, 558, 1194, 1198, 2698 et seq. and the applicable IWC Orders.

103.   Under the provisions of the UCL and for predicate law violations of Labor Code §§ 201-203, 226, 226.3, 226.7, 510, 558, 1194, 1198, 2698 et seq. and the applicable IWC Wages Order, Plaintiffs and each Class member should receive restitution for Defendant's failure to pay overtime wages, and rest period wages, in a sum according to proof for the four (4) years preceding the filing of the Complaint, up to and including the present.

104.   Plaintiffs are informed and believe and thereon allege that Defendant knew or should have known that Class members were entitled to overtime when working more than 8 hours in a day or more than 40 hours in a week, and were entitled to rest period wages when a legally required rest period was not provided.

105.   As a result of Defendant's violations of the UCL, Defendant has unjustly enriched itself at the expense of Plaintiffs, the members of the Class, and the general public.

106.   To prevent this unjust enrichment, Defendant should be required to make restitution to all Plaintiffs and members of the Class, as identified in the Complaint (and as will be identified further through discovery into Defendant's books and records), for the four (4) years preceding the filing of the Complaint, up to and including the present.

107.   Plaintiffs and the members of the Class also request that this Court enter such orders or judgment as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair practices, as provided in the UCL, Bus. & Prof. Code § 17203, and for such other relief as set forth herein.

108.   Plaintiffs have suffered "injuries in fact" and "lost money or property" within the meaning of Bus. & Prof. Code § 17204 and each one has standing to bring this claim for injunctive and equitable relief.  See Cortez v. Purolator Air Filtration Products Co., 23 Cal. 4th 163 (2000).

21

109.   Injunctive relief is necessary to prevent Defendant from continuing to engage in unfair business practices, as alleged herein.  Defendant and persons acting in concert with them, have done, or are now doing, and will continue to do or cause to be done, the herein-described illegal acts unless restrained or enjoined by this Court.

110.   The conduct of Defendant, as alleged herein, has been and continues to be deleterious to Plaintiffs, the members of the Class, and the general public.  By this action, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code Civ. Proc. § 1021.5

111.   Pursuant to Bus. & Prof. Code § 17203, Plaintiffs, on behalf of themselves and all Class members, request injunctive relief and restitution of all sums obtained by Defendant in violation of Bus. & Prof. Code §17200 et seq. for the four (4) years preceding the filing of the original Complaint, up to and including the present.

112.   Plaintiffs and the Class also request relief as described below.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray judgment against Defendant as follows:

### AS TO THE FIRST, SECOND, AND THIRD CAUSES OF ACTION:

113.   For compensatory damages in an amount according to proof at the time of trial representing the amount of unpaid overtime compensation owed to Plaintiffs and Class members for the three (3) years prior to the filing of the Complaint up to and including the present;

114.   For interest calculated according to law on any overtime compensation due from the day such amounts were due for the three (3) years prior to the filing of the Complaint up to and including the present;

115.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to California Labor Code § 1194(a) and Cal. Code Civ. Proc. § 1021.5;

116.   For statutory penalties pursuant to Labor Code §§ 510, 558, 1194, and 1198 , for one (1) year prior to the filing of the Complaint, up to and including the present; and

117.   For any other statutory interest and penalties.

///

22

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

**AS TO THE FOURTH CAUSE OF ACTION:**

118.    For statutory rest period wages owed to Plaintiffs and Class members pursuant to California Labor Code § 226.7, in an amount according to proof at trial for the three (3) years prior to the filing of the Complaint up to and including the present;

119.    For interest calculated according to law on any rest period wages due from the day such amounts were due for the three (3) years prior to the filing of the Complaint up to and including the present;

120.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code Civ. Proc. § 1021.5;

121.    For statutory penalties pursuant to Labor Code §§ 226.7 and 1198, for one (1) year prior to the filing of the Complaint, up to and including the present; and

122.    For any other statutory interest and penalties.

**AS TO THE FIFTH CAUSE OF ACTION:**

123.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code Civ. Proc. § 1021.5 and Labor Code § 226(e); and

124.    For statutory penalties due to Plaintiffs and Class members pursuant to Labor Code §§ 226(e) and 1198; and

125.    For any other statutory interest and penalties.

**AS TO THE SIXTH CAUSE OF ACTION:**

126.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code Civ. Proc. § 1021.5;

127.    For statutory penalties pursuant to Labor Code §§ 203 and 1198, for one (1) year prior to the filing of the Complaint, up to and including the present; and

128.    For any other statutory interest and penalties.

**AS TO THE SEVENTH CAUSE OF ACTION:**

129.    For an order requiring Defendant to show cause, if any, why it should not be enjoined as set forth herein above, during and after the pendency of this action; and

///

23

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

130.    For an order that Defendant to pay restitution of sums to Plaintiffs and to each Class member for Defendant's past failure to pay overtime wages, rest period wages, and/or other employee benefits or employer liabilities (e.g., withholding taxes, worker's compensation premiums) in violation of the UCL, in an amount according to proof, for the four (4) years preceding the filing of the Complaint, up to and including the present.

**AS TO ALL CAUSES OF ACTION:**

131.    For determination that this action may be maintained as a Class action with respect to the Class identified herein and certify it, or alternatively certify all issues that are appropriately certified; and designate and appoint Plaintiffs as Class Representatives and their counsel as Class Counsel;

132.    For compensatory damages according to proof for Plaintiffs and Class members;

133.    For the injunctive relief requested above for Plaintiffs and Class members;

134.    For an award of restitution according to proof for Plaintiffs and Class members;

135.    For an award of statutory interest according to proof for Plaintiffs and Class members;

136.    For the costs of bringing this suit for Plaintiffs and Class members;

137.    For reasonable attorneys' fees for Plaintiffs and Class members; and

138.    For such special damages, penalties, and other relief for Plaintiffs and Class members as this Court may deem just and proper.

**VIII.   JURY TRIAL DEMAND**

139.    Plaintiffs demand a trial by jury as to all issues so triable.

DATED:   February 5, 2010             HAGENS BERMAN SOBOL SHAPIRO LLP


By _____
        LEE M. GORDON

700 South Flower Street, Suite 2940
Los Angeles, CA 90017-4101
Telephone: (213) 330-7150

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEVE W. BERMAN
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292

WILLIAM REHWALD
LAWRENCE GLASNER
DANIEL CHALEFF
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd, Suite 400
Woodland Hills, CA 91357-4600
Telephone: (818) 703-7500

*Attorneys for Plaintiffs and the Putative Class*

Class Action Complaint for Violations of the Labor Code and Unfair Competition Law

1  Steve W. Berman
   HAGEN BERMAN SOBOL SHAPIRO LLP
2  1918 8th Avenue, Ste. 3300
3  Seattle, WA 98101
   (206) 623-7292
4  Steve@hbsslaw.com

5  Lee M. Gordon, SB# 174168
6  HAGEN BERMAN SOBOL SHAPIRO LLP
   700 S. Flower St., Ste. 2940
7  Los Angeles, CA 90017-4101
   (213) 330-7150   Facsimile (213) 330-7152
8  Lee@hbsslaw.com

9  William Rehwald, SB#51396
10 Lawrence M. Glasner, SB#142677
   Daniel R. Chaleff, SB#173028
11 REHWALD GLASNER & CHALEFF
   5855 Topanga Canyon Blvd., Suite 400
12 Woodland Hills, California  91367
   (818) 703-7500  Facsimile (818) 703-7498
13 dchaleff@rehwaldlaw.com

14
   Attorneys for Plaintiffs and the Putative Class
15

16             SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                        COUNTY OF LOS ANGELES

18
   LUIS POLANCO, an individual; ALAN          CASE NO. BC431370
19 KRUMBINE, an individual; ASUNCION
   ARIAS, an individual, on behalf of themselves   **CLASS ACTION**
20 and all others similarly situated,

21                      Plaintiffs,             **FIRST AMENDED CLASS ACTION
                                               COMPLAINT FOR VIOLATIONS OF THE
22                                             LABOR CODE AND UNFAIR
        vs.                                    COMPETITION LAW; REPRESENTATIVE
23                                             ACTION UNDER PRIVATE ATTORNEYS
   SCHNEIDER NATIONAL CARRIERS, INC., a        GENERAL ACT OF 2004**
24 Nevada corporation; and DOES 1 through 30,
   inclusive,
25
                                               **DEMAND FOR JURY TRIAL**
26                     Defendants.

27                                             *Assigned to Hon. Luis Lapin*

28
                                    1
   First Amended Class Action Complaint for Violations of the Labor Code and Unfair Competition Law; Representative PAGA Action

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 1 2 2013

John A. Clarke, Executive Officer/Clerk

By _____ Deput
      RAUL SANCHEZ

1.      Plaintiffs Luis Polanco, Alan Krumbine and Asuncion Arias, individually and on behalf of all others similarly situated, by and through their undersigned attorneys and for their First Amended Class Action and Representative Action Complaint ("First Amended Complaint") against Defendant Schneider National Carriers, Inc. ("Schneider National" or "Defendant"), allege upon personal knowledge and belief as to their own acts, and upon information and belief (based upon the investigation of their counsel) as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## I.   NATURE OF THE CASE

2.      This First Amended Complaint asserts claims against Defendant for violations of California Labor Code §§ 226, 226.3, 226.7, 510, 512, 558, 1194, 1198, 2698 *et seq.*, and Bus. & Prof. Code § 17200 *et seq.*

3.      This action is brought as a class action on behalf of all residents of the State of California who, at any time during the four (4) years preceding the filing of the Complaint, up to and including the present, were or are employed as mechanics of Defendant Schneider National who did not receive overtime compensation, meal and rest breaks, accurate itemized wage statements, or all final wages on cessation of employment as required by law.  Plaintiffs allege that such mechanics include, but are not limited to, employees working at Schneider National facilities in Los Angeles, Fontana, and Hayward, California.  A four (4) year statute of limitations applies to the Unfair Competition Law claim; shorter periods may apply to other claims.  Plaintiffs anticipate that through discovery and prior to moving for class certification they may be able to specifically identify other categories of employees appropriate for inclusion in the Class.  The claims for penalties asserted in this First Amended Complaint are asserted as a representative action pursuant to the California Labor Code Private Attorney General Act of 2004 ("PAGA"), Labor Code §§ 2698, *et seq.*

4.      Schneider National provides transportation, logistics, and related services.  Schneider National serves more than 80% of the Fortune 500 companies, offering a broad portfolio of services.  Schneider National owns a fleet of approximately 10,000 trucks and employs over 10,000 company drivers.  Schneider National services its fleet of trucks throughout California, currently employing an

///

2

1   estimated 80 mechanics who regularly are scheduled to work four (4) ten hour days, without overtime

2   compensation.

3        5.      At all times relevant hereto, Labor Code §§ 510, 558, 1194 and 1198, California Code of

4   Regulations §11070, and corresponding Industrial Wage Commission ("IWC") Wage Orders Nos.

5   4-2001 and 9-2001, required payment of overtime wages equal to one and one-half times an employee's

6   regular rate of pay for all hours worked over eight (8) hours per day, or 40 hours in a work week, and for

7   payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in

8   excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh

9   (7th) day of work in any one (1) work week.   As alleged herein, Defendant has intentionally and

10  improperly failed to pay mechanics working more than 8 hours in a day, overtime compensation as

11  required by the California Labor Code, the Code of Regulations, the applicable IWC Wage Orders, and

12  California's Unfair Competition Laws, Bus. & Prof. Code § 17200 et seq. (the "UCL").  Defendant's

13  overtime violations include:

14            (a)    Failing to pay daily overtime owed to class members who routinely worked more

15                   than 8 hours per day, and who were not subject to a valid Alternative Workweek

16                   Schedule adopted pursuant to Labor Code Section 511;

17            (b)    Failing to compensate class members for time spent prepping for vehicle service

18                   work (such as preparing tools and work bays, logging into the company's

19                   computer system, and/or waiting for vehicle service assignments); and

20            (c)    Failing to pay all overtime owed to class members as reported on their timecards

21                   due to Defendant's unlawful practice of rounding-down the actual time reported

22                   in excess of scheduled work shifts.

23       6.      At all times relevant hereto, Labor Code §§ 226, 226.3, and IWC Wages Orders required

24  employers to provide employees with accurate itemized wage statements showing gross wages, total

25  hours worked, all applicable hourly rates worked during each pay period, and the corresponding number

26  of hours worked at each hourly rate.  As alleged herein, Defendant has intentionally and improperly

27  failed to pay mechanics employed by Schneider National overtime compensation as required by law,

28  and have failed to accurately report on employee's itemized statements the correct gross wages, total

3

1   overtime hours worked, the proper overtime hourly rates, and/or the corresponding number of hours

2   worked at each hourly rate, all in violation of the Labor Code, IWC Wages Orders, and UCL.

3       7.      At all relevant times hereto, Labor Code § 512(a) and the applicable IWC Wage Orders

4   required that: "An employer may not employ an employee for a work period of more than five hours

5   per day without providing the employee with a meal period of not less than 30 minutes, except that if the

6   total work period per day of the employee is no more than six hours, the meal period may be waived by

7   mutual consent of both the employer and employee. An employer may not employ an employee for a

8   work period of more than 10 hours per day without providing the employee with a second meal period

9   of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second

10  meal period may be waived by mutual consent of the employer and the employee only if the first meal

11  period was not waived."  As alleged herein, Defendant has intentionally and improperly failed to

12  provide meal periods as required by law, and failed to pay employees one hour of pay at their regular

13  rate of compensation for each work day that a meal period was not provided.

14      8.      At all relevant times hereto, Labor Code § 226.7 and the applicable IWC Wage Orders

15  required the employer to provide employees with a rest period which, in so far as practicable, shall be in

16  the middle of each work period.  The authorized rest period shall be based upon the total hours worked

17  daily at the rate of ten minutes rest time per four hours or major fraction thereof.  As alleged herein,

18  Defendant has intentionally and improperly failed to authorize and permit employees to take rest periods

19  as required by law, and failed to pay employees one hour of pay at their regular rate of compensation for

20  each work day that a rest period was not provided.

21      9.      In this class action, Plaintiffs seek for themselves, and all others similarly situated,

22  injunctive relief in the form of an order prohibiting Defendant from failing to pay overtime

23  compensation to mechanics working more than 8 hours in a day and/or 40 hours in a week, prohibiting

24  Defendant from excluding the time spent prepping for vehicle service work from hours compensated,

25  prohibiting Defendant from rounding-down the actual time reported by class members in excess of

26  scheduled work shifts, prohibiting Defendant from obstructing legally-required meal periods and rest

27  periods, and prohibiting Defendant from issuing false or misleading wage statements.  Plaintiffs, on

28  behalf of themselves and all others similarly situated, seek damages and penalties for violations of the

4

1    Labor Code and seek payment of restitution of all sums wrongfully obtained by Defendant in violation

2    of the UCL ("restitution" as used herein includes, without limitation, any and all restitutionary

3    disgorgement that may be granted under the UCL).

4         10.    The full extent of the facts linking the fictitiously designated Defendants with the causes

5    of action alleged herein is unknown to Plaintiffs. In addition, the true names and capacities, whether

6    individual, plural, corporate, partnership, associate, or otherwise of Defendant DOES 1 through 30, are

7    unknown to Plaintiffs at this time. Plaintiffs therefore sue said Defendants by such fictitious names and

8    will ask leave of this Court to amend this Complaint to show their true names and capacities when

9    ascertained. Said Defendants are sued as principals and/or agents, and employees of said principals, and

10   all of the acts performed by them as agents, and employees were performed within the course and scope

11   of their authority and employment. Based on information and belief, Plaintiffs allege that each and

12   every person designated as a DOE Defendant was responsible for the events referred to herein and in

13   some manner caused the injuries to Plaintiffs as hereinafter alleged. Plaintiffs will amend this

14   Complaint to state the manner in which each fictitious Doe Defendant is so responsible.

15        11.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and

16   omissions alleged herein were performed by, and/or attributable to, Defendant Schneider National and

17   all Doe Defendants, each acting as agents and/or employees, and or under the direction and control of

18   each of the other Defendants, and that said acts and failures to act were within the course and scope of

19   said agency, employment and/or direction and control. Plaintiffs are informed and believe, and thereon

20   allege, that at all times material hereto Defendant Schneider National and each Doe Defendant were and

21   are the agents of each other.

22                        **II.   JURISDICTION AND VENUE**

23        12.    The Plaintiffs are citizens of California, while Defendant Schneider National is a Nevada

24   corporation doing business throughout the state of California.

25        13.    This Court has personal jurisdiction over the parties because Plaintiffs and the members

26   of the proposed Class submit to the personal jurisdiction of this Court, and Schneider National

27   systematically and continually does business in the County of Los Angeles.

28        14.    Venue is also proper pursuant to Code of Civ. Proc. § 395 and § 395.5 and Bus. & Prof.

1   Code § 17204 because Plaintiff Luis Polanco lives in the County of Los Angeles, Plaintiff Asuncion

2   Arias lives in the County of Los Angeles, Alan Krumbine lives in the County of San Bernardino, and

3   Schneider National systematically does business in the County of Los Angeles.  Moreover, all claims

4   asserted herein arise under California law based on employment at Defendant Schneider National's

5   facilities in California, including its facilities in Los Angeles, California.

6                               III.   **THE PARTIES**

7          15.    Plaintiff Luis Polanco ("Polanco") resides in the County of Los Angeles, California.

8   From January 2005 through February 2006, and from July 2008 through August 2009, Schneider

9   National employed Polanco as a mechanic at its facility in Los Angeles, California.  At all times while

10  employed by Schneider National, Polanco routinely worked a 10+ hour shift, but was not paid overtime

11  compensation.  Plaintiff was denied legally required meal and/or rest breaks, did not receive accurate

12  itemized statements, and did not receive all wages due on termination of employment.

13         16.    Plaintiff Alan Krumbine ("Krumbine") resides in the County of San Bernardino,

14  California.  From July 1994 through May 2009, Schneider National employed Krumbine as a mechanic

15  at its facility in Fontana, California.  At all times while employed by Schneider National, Krumbine

16  routinely worked a 10+ hour shift, but was not paid overtime compensation.  Plaintiff was denied legally

17  required meal and/or rest breaks, did not receive accurate itemized statements, and did not receive all

18  wages due on termination of employment.

19         17.    Plaintiff Asuncion Arias ("Arias") resides in the County of Los Angeles, California.

20  From 1992 until the present, Schneider National employed Arias as a mechanic at its facility in Los

21  Angeles, California.  At all times while employed by Schneider National, Arias routinely worked a 10+

22  hour shift, but was not paid overtime compensation.  Plaintiff was denied legally required meal and/or

23  rest breaks, and did not receive accurate itemized statements.

24         18.    Defendant Schneider National Carriers, Inc. was and is a corporation organized and

25  existing under the laws of the State of Nevada.  Schneider National was and is doing business

26  throughout the State of California with substantial contacts in California and with business locations

27  dispersed throughout Northern and Southern California, including the County of Los Angeles.

28         19.    At all relevant times herein, Schneider National served as Plaintiffs' and Class members'

6

1   employer, within the meaning of the Labor Code and IWC Wages Orders.

2   ## IV.   FACTUAL BACKGROUND

3   **A.    Defendant's Failure To Pay Overtime With Accurate Itemized Wage Statements**

4   20.    Schneider National provides transportation services throughout California.  Schneider

5   National owns a fleet of trucks and employs thousands of drivers throughout the state.  To service its

6   trucks, Schneider National employs mechanics at multiple facilities located throughout California.

7   21.    Schneider National's mechanics are routinely scheduled to work four 10-hour days per

8   week (plus meal periods).  Mechanics are provided two paid 30 minute meal periods throughout the

9   workday (in addition to the 10 hours of scheduled work).  Mechanics routinely work 10 hours or more

10  per day.  Mechanics are not paid any overtime compensation when working the scheduled 10 hours per

11  day.  On information and belief, Schneider National mechanics have not instituted an Alternative Work

12  Week Schedule pursuant to the election procedure set forth in IWC Wage Order 9-2001 (and any

13  applicable IWC Wage Order preceding 9-2001), and Labor Code § 511.  Therefore, Schneider National

14  is not exempt from the requirement of paying overtime compensation for all time worked in excess of 8

15  hours per day.  Rather, when a class member works a routine four-day week, 10 hours per day schedule,

16  he or she is unlawfully deprived of 2 hours per day of overtime compensation (required under Labor

17  Code Section 510), which amounts to a loss of 8 hours of overtime compensation per week.

18  22.    Plaintiff Polanco, for example, routinely worked four 10-hour days per week.  However,

19  he was not paid any overtime compensation for the two hours of daily overtime he worked on each work

20  day.  Plaintiff Polanco's time card recorded hours 9 and 10 at the regular rate of pay, and his itemized

21  statement did not include the proper number of overtime hours worked, nor the proper overtime rate that

22  Plaintiff Polanco was entitled to under California Law, nor the proper wage amounts.  Further, Plaintiff

23  Polanco needed to prepare at the workplace for vehicle service work (e.g., prepping tools and work

24  bays, logging into the company's computer system, waiting for vehicle service assignments).  Defendant

25  illegally excluded the time spent prepping for vehicle service work, which further denied him overtime

26  compensation.

27  23.    On information and belief, if and when Plaintiff Polanco needed to work more than 10

28  hours in a day due to work demands, Schneider National routinely adjusted his timecard downward to

7

1    eliminate hours worked in excess of the 10 hours scheduled for the day. Accordingly, Schneider

2    National did not pay Plaintiff the proper overtime compensation for all hours worked.

3         24.     Plaintiff Krumbine, for example, routinely worked four 10-hour days per week.

4    However, he was not paid any overtime compensation for the two hours of daily overtime he worked on

5    each work day. On information and belief, Plaintiff Krumbine's time card recorded hours 9 and 10 at

6    the regular rate of pay, and his itemized statement did not include the proper number of overtime hours

7    worked nor the proper overtime rate that Plaintiff Krumbine was entitled to under California Law, nor

8    the proper wage amounts. Further, Plaintiff Krumbine needed to prepare at the workplace for vehicle

9    service work (e.g., prepping tools and work bays, logging into the company's computer system, waiting

10   for vehicle service assignments). Defendant illegally excluded the time spent prepping for vehicle

11   service work, which further denied him overtime compensation.

12        25.     On information and belief, if and when Plaintiff Krumbine needed to work more than 10

13   hours in a day due to work demands, Schneider National routinely adjusted his timecard downward to

14   eliminate hours worked in excess of the 10 hours scheduled for the day. Accordingly, Schneider

15   National did not pay Plaintiff the proper overtime compensation for all hours worked.

16        26.     Plaintiff Arias, for example, routinely worked four 10-hour days per week. However, he

17   was not paid any overtime compensation for the two hours of daily overtime he worked on each work

18   day. On information and belief, Plaintiff Arias's time card recorded hours 9 and 10 at the regular rate of

19   pay, and his itemized statement did not include the proper number of overtime hours worked nor the

20   proper overtime rate that Plaintiff Arias was entitled to under California Law, nor the proper wage

21   amounts. Further, Plaintiff Arias needed to prepare at the workplace for vehicle service work (e.g.,

22   prepping tools and work bays, logging into the company's computer system, waiting for vehicle service

23   assignments). Defendant illegally excluded the time spent prepping for vehicle service work, which

24   further denied him overtime compensation.

25        27.     On information and belief, if and when Plaintiff Arias needed to work more than 10

26   hours in a day due to work demands, Schneider National routinely adjusted his timecard downward to

27   eliminate hours worked in excess of the 10 hours scheduled for the day. Accordingly, Schneider

28   National did not pay Plaintiff the proper overtime compensation for all hours worked.

8

28.     Schneider National's failure to pay overtime compensation to mechanics working more than 8 hours in a day, its failure to pay for time spent at the workplace prepping for vehicle service work, its unlawful practice of rounding-down work time, its failure to provide mechanics with accurate itemized wage statements, and its failure to pay all monies due and owing upon termination of employment, violate California labor laws and deprive the class member mechanics of their lawful overtime compensation.

29.     In addition, Defendant has intentionally and improperly failed to provide all meal periods, and failed to authorize and permit class members to take 10 minute rest periods, to which they were legally entitled.  Rather, as a general practice, Schneider National would direct its mechanics to tend to all personal affairs during their meal periods, and class members were not provided with two meal periods and two rest periods for each 10+ hour day.

30.     For example, Plaintiff Polanco routinely worked 10+ hours per day without all meal and rest periods to which he was entitled.  The company directed him to tend to all personal affairs during his one or two meal periods.

31.     Similarly, Plaintiff Krumbine routinely worked 10+ hours per day without all meal and rest periods to which he was entitled.  The company directed him to tend to all personal affairs during his one or two meal periods.

32.     Similarly, Plaintiff Arias routinely worked 10+ hours per day without all meal and rest periods to which he was entitled.  The company directed him to tend to all personal affairs during his one or two meal periods.

**B.      Under California Law, Plaintiffs And Members Of The Class Are Entitled To Receive Overtime Pay, Accurate Wage Statements, And Meal and Rest Periods**

33.     IWC Wage Order No. 9-2001 protects all non-exempt employee mechanics in California, and states in pertinent part:

"3. <u>Hours and Days of Work</u>

(A) <u>Daily Overtime - General Provisions</u>

(1) The following overtime provisions are applicable to employees 18

9

years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

34. Labor Code §§ 510, 558, 1194 and 1198, Code of Regulations § 11070, and the corresponding IWC Wages Order provide that non-exempt employees in California shall not be employed more than eight (8) hours in any work day nor more than 40 hours in any workweek without receiving additional compensation beyond their regular wages in amounts specified by law.

35. Labor Code §§ 226, 226.3 and IWC Wages Orders provide that employers must provide non-exempt employees with itemized wage statements showing total hours worked and all applicable hourly rates.

36. Labor Code § 512(a) and the applicable IWC Wage Orders provide that—absent certain written waivers—an employer may not (i) employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or (ii) employ an employee for a work period of more than 10 hours per day without providing the

10

1   employee with a second meal period of not less than 30 minutes.  If an employer fails to provide the

2   appropriate meal periods, the employer must pay one hour of additional pay at the employee's regular

3   rate of compensation for each work day that a meal period is not provided.

4         37.    Labor Code § 226.7 and the applicable IWC Wage Orders provide that non-exempt

5   employees in California are entitled to rest periods as mandated by the applicable IWC Wage Orders.

6   The authorized rest period shall be based upon the total hours worked daily at the rate 10 minutes net

7   rest time for every four hours or major fraction thereof.  If an employer fails to provide the appropriate

8   rest periods, the employer must pay one hour of additional pay at the employee's regular rate of

9   compensation for each work day that a rest period is not provided.

10        38.    Defendant's conduct of requiring additional work beyond 8 hours in a day from Plaintiffs

11   and Class members in the absence of overtime pay and meal and rest periods, knowingly and

12   intentionally failing to provide accurate itemized wage statements, and willfully failing to pay wages

13   earned and unpaid promptly upon employees' termination or resignation violates the above-referenced

14   provisions of California law and also constitutes unfair competition and unlawful, unfair and fraudulent

15   acts and practices within the meaning of the UCL.

16                 **V.   CLASS ACTION ALLEGATIONS**

17        39.    Plaintiffs bring this action individually and as a class action on behalf of a proposed

18   "Class" defined as follows:

19              All persons, at any time during the period from four years prior to

20              the filing of the complaint, up to and including the present, who

21              were employed as hourly mechanics at any Schneider National

22              location in the State of California.

23        Plaintiffs reserve the right to modify the definition of the Class after further discovery.

24   All named Plaintiffs and Class members seek relief under the Labor Code and UCL as alleged in the

25   Complaint.  This action is brought and may properly be maintained as a class action pursuant to Code

26   Civ. Proc. § 382 and California Rules of Court, Rule 3.764 *et. seq.*.  This class action satisfies the

27   numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.  To

28   the extent that Defendant maintains that any mechanic employed by Schneider National in California

11

1    has released claims asserted herein, such "release" is void pursuant to California Labor Code § 206 and

2    § 206.5, and is otherwise invalid, unconscionable, and unenforceable under California law.

3        40.    **Numerosity of the Class.**  The members of the Class are so numerous that the individual

4    joinder of all members is impracticable.  While the exact number and identities of Class members are

5    unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery directed to

6    Defendant, Plaintiffs believe and therefore allege that there are approximately 100 or more members of

7    the Class (including current mechanics and former mechanics that work or that worked at Schneider

8    National locations in California).

9        41.    **Typicality of Claims.**  Plaintiffs' claims are typical of the claims of the members of the

10   Class, and Plaintiffs' interests are consistent with and not antagonistic to those of the other Class

11   members they seek to represent.  Plaintiffs and all members of the Class have sustained damages and

12   face irreparable harm arising out of Defendant's common course of conduct as complained of herein.

13   The damages sustained by each member of the Class were caused directly by Defendant's wrongful

14   conduct, as alleged herein.

15       42.    **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests

16   of the members of the Class.  Their claims are not antagonistic to those of the Class members.  Plaintiffs

17   have retained attorneys who are experienced in the prosecution of complex class actions and

18   employment cases, and Plaintiffs intend to prosecute this action vigorously.

19       43.    **Community of Interest; Existence and Predominance of Common Questions of Law**

20   **or Fact.**  Common questions of law and fact exist as to all members of the Class that predominate over

21   any questions affecting only individual members of the Class. .

22       Common Class Questions:

23       The common legal and factual questions, which do not vary among Class members, and

24       which may be determined without reference to the individual circumstances of any Class

25       member include, but are not limited to, the following:

26           (a)    Whether Defendant failed to pay overtime wages due to each Class member in

27       violation of Labor Code §§ 510, 558, 1194 and 1198 and IWC Wages Orders;

28           (b)    Whether Defendant failed to adopt a valid Alternative Workweek Schedule in

12

accordance with Labor Code § 511;

(c)     Whether Defendant failed to provide legally required meal and/or rest periods due to each class member in violation of Labor Code § 226.7 and the applicable IWC Wage Orders.

(d)     Whether Defendant failed to provide accurate itemized wage statements to each Class member in violation of Labor Code §§ 226, 226.3 and IWC Wages Orders;

(e)     Whether Defendant wrongfully deprived Class members of overtime compensation for time spent prepping for vehicle service work (such as prepping tools and work bays, logging into the company's computer system, and/or waiting for vehicle assignments);

(f)     Whether Defendant's practice of rounding down work time to conform to scheduled shifts unlawfully reduced or eliminated overtime compensation otherwise due to class members;

(g)     Whether Defendant violated Labor Code § 203 by failing to pay Class Members all wages due on termination of employment;

(h)     Whether Defendant's conduct constitutes unlawful, unfair, and/or fraudulent business practices under the UCL;

(i)     Whether Class Members are entitled to relief requiring Defendant to pay Class Members overtime compensation when working more than 8 hours a day and more than 40 hours a week in any work week;

(j)     Whether Class Members are entitled to injunctive relief requiring Defendant to provide mechanics with accurate itemized wage statements showing the total overtime hours worked, applicable overtime pay rates, and the proper wage amounts;

(k)     Whether Class Members are entitled to restitution of overtime wages withheld by Defendant;

(l)     Whether Class Members are entitled to restitution of meal and/or rest period wages; and

(m)     Whether Class Members are entitled to statutory penalties for Defendant not providing the Class members with all overtime wages, all meal and rest period wages, accurate itemized wage statements, and wages due upon termination of employment.

13

44.   **Superiority.**   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.  Plaintiffs anticipate no difficulty in the management of this action as a class action.

45.   The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

46.   The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

47.   Defendant has acted or refused to act in respects generally applicable to the Class during the period beginning four years prior to the filing of the Complaint and continuing up to and including the present (the "Class Period").  Defendant's conduct thereby makes appropriate final and injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole, as requested herein.   Likewise, Defendant's conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

## VI.   PAGA ALLEGATIONS

### (Civil Penalties Pursuant To California's Labor Code Private

### Attorneys General Act of 2004 --Labor Code §§ 2698 *et seq.*)

48.   The California Labor Code Private Attorneys General Act of 2004 (commonly known as "PAGA") provides in pertinent part that: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce

14

Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." Cal. Labor Code § 2699(a).

49.     For purposes of PAGA, an 'aggrieved employee' means "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

50.     Plaintiffs are 'aggrieved employees' within the meaning of PAGA, since they are persons who were employed by the alleged violator (Schneider National) and against whom the alleged violations were committed.

51.     Labor Code § 2699.3 provides that, prior to filing an action under PAGA, the claimant must first send a certified letter to the employer in question and the Labor and Workforce Development Agency setting forth the claims, and the basis for the claims. The letter is designed to give the Labor and Workforce Development Agency an opportunity to take any action it deems appropriate, and the employer the opportunity to cure the alleged violations within 33 calendar days.

52.     Plaintiffs have complied with the procedure for bringing a representative action under PAGA, by sending the certified notice attached hereto as **Exhibit A**. Defendant did not cure the alleged violations within 33 calendar days of delivery of Plaintiffs' certified notice under PAGA.

53.     By this action, Plaintiffs are entitled to recover, and hereby seek to recover, each and every civil penalty authorized under California Labor Code §§ 226.3 and 558 on behalf of themselves and all current or former hourly mechanics employed by Defendant in California, based upon the California Labor Code violations alleged herein (including wage statement violations and overtime violations), and pursuant to PAGA.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

#### (Failure To Pay Daily Overtime Compensation In Violation Of California Labor Code)

54.     The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

15

55.     Pursuant to California Labor Code §§ 218 and 1194(a), Plaintiffs may bring a civil action for overtime wages directly against the employer.

56.     At all times herein relevant, the applicable Labor Code, Code of Regulations and the applicable IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with Defendant.

57.     At all times herein relevant, §§ 510, 1194, and 1198 of the Labor Code, applicable regulations, and the applicable IWC Wage Orders provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day, or over forty (40) hours in a work week, and for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

58.     For the 9th and 10th hours of work each day, Defendant has intentionally and improperly failed to pay wages due and owing to Plaintiffs and Class members at the daily overtime rate, in violation of the Labor Code, applicable regulations, and the applicable IWC Wage Orders.

59.     During their employment with Defendant, Plaintiffs and members of the Class were required to work over eight (8) hours per day, and/or over 40 hours in a work week, without payment of daily overtime wages as required by law.

60.     As a matter of policies, practices, and/or procedures, Schneider National has not paid daily overtime compensation for work in excess of 8 hours per day.  The company only paid the regular rate of compensation for the 9th and 10th hours of work each day, despite the fact that the company does not have a valid Alternative Workweek Schedule pursuant to California Labor Code § 511, and did not have a valid Alternative Workweek Schedule in place at any time during the Class Period (the "Daily Overtime Violation").

61.     As a result of the Daily Overtime Violation, Defendant owes Plaintiffs and each Class member overtime wages pursuant to Labor Code §§ 510, 1194 and 1198 and the applicable IWC Wage Orders according to proof at trial of the hours worked during the three (3) years prior to the filing of the Complaint up to and including the present.

62.     Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and

16

1   Class members the amounts that are due and owing as a result of the Daily Overtime Violation.

2   Defendant's failure to pay Plaintiffs and Class Members overtime wages violates Labor Code §§ 510,

3   558, 1194, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the

4   filing the Complaint, up to and including the present.

5        63.    Plaintiffs request payment of daily overtime compensation according to proof, interest,

6   attorneys' fees and costs pursuant to Labor Code § 1194(a), and any other statutory penalties against

7   Defendant in a sum as provided by the Labor Code and/or other statutes.

8        64.    Plaintiffs and the Class members also request relief as described below.

9                 **SECOND CAUSE OF ACTION UNDER CALIFORNIA STATE LAW**

10          <u>**(Failure To Compensate For Prep Time In Violation Of California Labor Code)**</u>

11       65.    The preceding paragraphs of this First Amended Complaint are realleged and

12   incorporated by reference hereto as though fully set forth herein.

13       66.    Pursuant to California Labor Code §§ 218 and 1194(a), Plaintiffs may bring a civil action

14   for overtime wages directly against the employer.

15       67.    At all times herein relevant, the applicable Labor Code, Code of Regulations and the

16   applicable IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with

17   Defendant.

18       68.    At all times herein relevant, §§ 510, 1194, and 1198 of the Labor Code, applicable

19   regulations, and the applicable IWC Wage Orders provided for payment of overtime wages equal to one

20   and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day,

21   or over forty (40) hours in a work week, and for payment of overtime wage equal to double the

22   employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all

23   hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

24       69.    Defendant has intentionally and improperly failed to make payment of overtime wages

25   and other benefits to Plaintiffs and Class members for time spent prepping for vehicle service work, in

26   violation of the Labor Code, applicable regulations, and the applicable IWC Wage Orders.

27       70.    During their employment with Defendant, Plaintiffs and members of the Class were

28   required to work over eight (8) hours per day, and/or over 40 hours in a work week, without payment of

17

overtime wages and other benefits as required by law.

71.     As a matter of policies, practices, and/or procedures, Schneider National has not paid overtime compensation for time spent at the workplace prepping for service work, such as prepping tools and work bays, logging into the company's computer system, and/or waiting for work assignments (the "Prep Time Violation").  The time spent by Plaintiffs and Class members prepping for service work was subject to the control of the employer, Schneider National.

72.     As a result of the Prep Time Violation, Defendant owes Plaintiffs and each Class member overtime wages pursuant to Labor Code §§ 510, 1194 and 1198, applicable regulations, and the applicable IWC Wage Orders according to proof at trial for the hours worked during the three (3) years prior to the filing of the Complaint up to and including the present.

73.     Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and Class members the amounts that are due and owing as a result of the Prep Time Violation. Defendant's failure to pay Plaintiffs and Class Members overtime wages violates Labor Code §§ 510, 558, 1194, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the filing the Complaint, up to and including the present.

74.     Plaintiffs request payment of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to Labor Code § 1194(a), and any other statutory penalties against Defendant in a sum as provided by the Labor Code and/or other statutes.

75.     Plaintiffs and the Class members also request relief as described below.

## THIRD CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Rounding-Down Overtime In Violation of California Labor Code)

76.     The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

77.     Pursuant to California Labor Code §§ 218 and 1194(a), Plaintiffs may bring a civil action for overtime wages directly against the employer.

78.     At all times herein relevant, the applicable Labor Code, Code of Regulations and the applicable IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with Defendant.

18

79.     At all times herein relevant, §§ 510, 1194, and 1198 of the Labor Code, applicable regulations, and the applicable IWC Wage Orders provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day, or over forty (40) hours in a work week, and for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

80.     Defendant has intentionally and improperly failed to make payment of overtime wages and other benefits to Plaintiffs and Class members for time spent beyond scheduled shifts, rounding down reported overtime in violation of the Labor Code, applicable regulations, and the applicable IWC Wage Orders.

81.     During their employment with Defendant, Plaintiffs and members of the Class were required to work over eight (8) hours per day, and/or over 40 hours in a work week, without payment of overtime wages and other benefits as required by law.

82.     As a matter of policies, practices, and/or procedures, Schneider National routinely rounded down work time reported in excess of scheduled shifts (the "Rounding Down Violation").

83.     As a result of the Rounding Down Violation, Defendant owes Plaintiffs and each Class member overtime wages pursuant to Labor Code §§ 510, 1194 and 1198, applicable regulations, and the applicable IWC Wage Orders according to proof at trial of the hours worked during the three (3) years prior to the filing of the Complaint up to and including the present.

84.     Defendant has failed and refused, and continue to fail and refuse, to pay Plaintiffs and Class members the amounts that are due and owing as a result of the Rounding Down Violation. Defendant's failure to pay Plaintiffs and Class Members overtime wages violates Labor Code §§ 510, 558, 1194, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the filing of the Complaint, up to and including the present.

85.     Plaintiffs request payment of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to Labor Code § 1194(a), and any other statutory penalties against Defendant in a sum as provided by the Labor Code and/or other statutes.

86.     Plaintiffs and the Class members also request relief as described below.

19

## FOURTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Failure To Provide Meal Periods In Violation Of California Labor Code)

87.     The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

88.     At all times herein relevant, Labor Code § 512(a) and the applicable IWC Wage Orders provide that—absent certain written waivers—an employer may not (i) employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or (ii) employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

89.     Defendant failed to provide all legally required meal periods during the Class Period (the "Meal Period Violation").

90.     Because Defendant failed to provide the legally required meal periods, they are liable to Plaintiffs, and each Class Member, for one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and the applicable IWC Wage Orders.

91.     Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and Class members the meal period wages that are due and owing as a result of the Meal Period Violation. Defendant's failure to pay Plaintiffs and Class Members meal period wages violates Labor Code §§ 226.7, 512(a), 558, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the filing the Complaint, up to and including the present.

92.     Plaintiffs and the Class Members also request relief as described below.

## FIFTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Failure To Provide Rest Periods In Violation Of California Labor Code)

93.     The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

94.     At all times herein relevant, the applicable IWC Wage Orders provide that employees must receive rest periods of 10 minutes for each 4 hours of work.

20

95.     Defendant failed to authorize, permit, and provide the legally required rest periods during the Class Period (the "Rest Period Violation").

96.     Because Defendant failed to authorize, permit, and provide the legally required rest periods, they are liable to Plaintiffs, and each Class Member, for one hour of additional pay at the regular rate of compensation for each work day that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and the applicable IWC Wage Orders.

97.     Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and Class members the rest period wages that are due and owing as a result of the Rest Period Violation. Defendant's failure to pay Plaintiffs and Class Members rest period wages violates Labor Code §§ 226.7, 558, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the filing the Complaint, up to and including the present.

98.     Plaintiffs and the Class Members also request relief as described below.

**SIXTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW**

**(Failure To Provide Accurate Wage Statements In Violation Of California Labor Code)**

99.     The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

100.    At all times herein relevant, Labor Code §§ 226 and the applicable IWC Wage Orders required that employers provide employees with itemized wage statements showing total hours worked, all applicable hourly rates, and proper wage amounts.

101.    Labor Code § 226(e) provided that if an employer knowingly and intentionally fails to provide employee's a statement showing the total hours worked, all applicable hourly rates, and proper wages, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4,000.

102.    Defendant has knowingly and intentionally failed to furnish Plaintiffs, and each Class member with timely and accurate itemized statements showing the total hours worked, all applicable hourly rates, and proper wage amounts (among other requirements), as required by Labor Code § 226(a) (the "Wage Statement Violation").

21

103.    As a result of the Wage Statement Violation, Defendant is liable to Plaintiffs and each Class member for the amounts provided by Labor Code § 226(e) for the one (1) year prior to the filing of the Complaint up to and including the present.

104.    Plaintiffs are also entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(e).

105.    Plaintiffs and Class members also request relief as described below.

### SEVENTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Waiting Time Penalties For Violation Of California Labor Code §§ 201-203)

106.    The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

107.    Labor Code § 201 requires and employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

108.    During the Class Period, Defendant Schneider National has willfully failed and refused to timely pay all compensation due and owing to Class members whose employment terminated during the Class Period, as required by Labor Code §§ 201 and 202 (the "Waiting Time Violation").

109.    As a result of the Waiting Time Violation, Defendant is liable to Plaintiff and the Class Members for waiting time penalties, together with interest thereon and attorney's fees and costs, in accordance with California Labor Code § 203.

110.    Defendant is also liable for civil penalties pursuant to Labor Code §§ 558 and 1198, in the amounts set forth therein, for the one (1) year prior to the filing of the Complaint, up to and including the present.

111.    Plaintiff and the Class also request relief as described below.

### EIGHTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

22

1

## (Violations Of The UCL, Cal. Bus. & Prof. Code §§ 17200, *et. seq.*)

2      112.    The preceding paragraphs of this First Amended Complaint are realleged and

3  incorporated by reference hereto as though fully set forth herein.

4      113.    Defendant's acts constitute a continuing and ongoing unlawful, unfair, and fraudulent

5  activity prohibited by the UCL and justify the issuance of an injunction, restitution and other equitable

6  relief pursuant to Bus. & Prof. Code § 17203.

7      114.    Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce

8  minimum labor standards, including the requirements to pay overtime and benefits pursuant to Labor

9  Code §§ 510, 558, 1194 and 1198, to provide legally required meal and rest periods pursuant to Labor

10  Code §§ 226.7 and 512(a), to provide accurate itemized wage statements pursuant to Labor Code

11  §§ 226, 226.3, and the applicable IWC Wage Orders, and to pay all wages on termination of

12  employment pursuant to Labor Code §§ 201-203. Defendant's conduct of requiring Plaintiffs and Class

13  members to work over 8 hours in a day in the absence of overtime, without adequate meal and rest

14  periods, without providing accurate itemized wage statements, and without paying wages earned and

15  unpaid promptly upon termination or resignation directly violates state law, constitutes and was intended

16  to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the

17  UCL.

18      115.    Through the wrongful and illegal conduct alleged herein (including the Daily Overtime

19  Violation, Prep Time Violation, Rounding Down Violation, Meal Period Violation, Rest Period

20  Violation, Wage Statement Violation, and Waiting Time Violation), Defendant has acted contrary to the

21  public policy of this State.

22      116.    Defendant has engaged in unlawful business acts and practices by violating California

23  law including, but not limited to, Labor Code §§ 201-203, 226, 226.3, 226.7, 510, 512(a), 558, 1194,

24  1198, 2698 *et seq.*, and the applicable IWC Orders.

25      117.    Under the provisions of the UCL and for predicate law violations of Labor Code §§ 201-

26  203, 226, 226.3, 226.7, 510, 512, 558, 1194, 1198, 2698 *et seq.* and the applicable IWC Wages Orders,

27  Plaintiffs and each Class member should receive restitution for Defendant's failure to pay overtime

28  wages, and meal and rest period wages, in a sum according to proof for the four (4) years preceding the

23

1 | filing of the Complaint, up to and including the present.

2 | 118. Plaintiffs are informed and believe and thereon allege that Defendant knew or should

3 | have known that Class members were entitled to overtime when working more than 8 hours in a day or

4 | more than 40 hours in a week, and were entitled to meal and rest period wages when a legally required

5 | rest period was not provided.

6 | 119. As a result of Defendant's violations of the UCL, Defendant has unjustly enriched itself

7 | at the expense of Plaintiffs, the members of the Class, and the general public.

8 | 120. To prevent this unjust enrichment, Defendant should be required to make restitution to all

9 | Plaintiffs and members of the Class, as identified in the Complaint (and as will be identified further

10 | through discovery into Defendant's books and records), for the four (4) years preceding the filing of the

11 | Complaint, up to and including the present.

12 | 121. Plaintiffs and the members of the Class also request that this Court enter such orders or

13 | judgment as may be necessary to restore to any person in interest any money which may have been

14 | acquired by means of such unfair practices, as provided in the UCL, Bus. & Prof. Code § 17203, and for

15 | such other relief as set forth herein.

16 | 122. Plaintiffs have suffered "injuries in fact" and "lost money or property" within the

17 | meaning of Bus. & Prof. Code § 17204 and each one has standing to bring this claim for injunctive and

18 | equitable relief. *See Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163 (2000).

19 | 123. Injunctive relief is necessary to prevent Defendant from continuing to engage in unfair

20 | business practices, as alleged herein. Defendant and persons acting in concert with them, have done, or

21 | are now doing, and will continue to do or cause to be done, the herein-described illegal acts unless

22 | restrained or enjoined by this Court.

23 | 124. The conduct of Defendant, as alleged herein, has been and continues to be deleterious to

24 | Plaintiffs, the members of the Class, and the general public. By this action, Plaintiffs seek to enforce

25 | important rights affecting the public interest within the meaning of Code Civ. Proc. § 1021.5.

26 | 125. Pursuant to Bus. & Prof. Code § 17203, Plaintiffs, on behalf of themselves and all Class

27 | members, request injunctive relief and restitution of all sums obtained by Defendant in violation of Bus.

28 | & Prof. Code §17200 *et seq.* for the four (4) years preceding the filing of the original Complaint, up to

24

1   and including the present.

2       126.    Plaintiffs and the Class also request relief as described below.

3

4               VIII.   **PRAYER FOR RELIEF**

5       WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray

6   judgment against Defendant as follows:

7   **AS TO THE FIRST, SECOND, AND THIRD CAUSES OF ACTION:**

8       127.    For compensatory damages in an amount according to proof at the time of trial

9   representing the amount of unpaid overtime compensation owed to Plaintiffs and Class members for the

10  three (3) years prior to the filing of the Complaint up to and including the present;

11      128.    For interest calculated according to law on any overtime compensation due from the day

12  such amounts were due for the three (3) years prior to the filing of the Complaint up to and including the

13  present;

14      129.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to California

15  Labor Code § 1194(a) and Cal. Code Civ. Proc. § 1021.5;

16      130.    For statutory penalties pursuant to Labor Code §§ 510, 558, 1194, and 1198, for the

17  maximum time permitted by law (at least one (1) year prior to the filing of the Complaint, up to and

18  including the present); and

19      131.    For any other statutory interest and penalties.

20  **AS TO THE FOURTH AND FIFTH CAUSES OF ACTION:**

21      132.    For statutory meal and rest period wages owed to Plaintiffs and Class members pursuant

22  to California Labor Code §§ 226.7 and 512(a), in an amount according to proof at trial for the three (3)

23  years prior to the filing of the Complaint up to and including the present;

24      133.    For interest calculated according to law on any meal or rest period wages due from the

25  day such amounts were due for the three (3) years prior to the filing of the Complaint up to and

26  including the present;

27      134.    For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code

28  Civ. Proc. § 1021.5;

135.   For statutory penalties pursuant to Labor Code §§ 226.7 and 1198, for the maximum time permitted by law (at least one (1) year prior to the filing of the Complaint, up to and including the present); and

136.   For any other statutory interest and penalties.

**AS TO THE SIXTH CAUSE OF ACTION:**

137.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code Civ. Proc. § 1021.5 and Labor Code § 226(e); and

138.   For statutory penalties due to Plaintiffs and Class members pursuant to Labor Code §§ 226(e) and 1198, for the maximum time permitted by law (at least one (1) year prior to the filing of the Complaint, up to and including the present); and

139.   For any other statutory interest and penalties.

**AS TO THE SEVENTH CAUSE OF ACTION:**

140.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code Civ. Proc. § 1021.5;

141.   For statutory penalties pursuant to Labor Code §§ 203 and 1198, for the maximum time permitted by law (at least one (1) year prior to the filing of the Complaint, up to and including the present); and

142.   For any other statutory interest and penalties.

**AS TO THE EIGHTH CAUSE OF ACTION:**

143.   For an order requiring Defendant to show cause, if any, why it should not be enjoined as set forth herein above, during and after the pendency of this action; and

144.   For an order that Defendant to pay restitution of sums to Plaintiffs and to each Class member for Defendant's past failure to pay overtime wages, meal and rest period wages, and/or other employee benefits or employer liabilities (e.g., withholding taxes, worker's compensation premiums) in violation of the UCL, in an amount according to proof, for the four (4) years preceding the filing of the Complaint, up to and including the present.

145.   and

146.   For any other statutory interest and penalties.

26

**AS TO ALL CAUSES OF ACTION:**

147.   For determination that this action may be maintained as a Class action with respect to the Class identified herein and certify it, or alternatively certify all issues that are appropriately certified; and designate and appoint Plaintiffs as Class Representatives and their counsel as Class Counsel;

148.   For compensatory damages according to proof for Plaintiffs and Class members;

149.   For the injunctive relief requested above for Plaintiffs and Class members;

150.   For an award of restitution according to proof for Plaintiffs and Class members;

151.   For an award of statutory interest according to proof for Plaintiffs and Class members;

152.   For the costs of bringing this suit for Plaintiffs and Class members;

153.   For reasonable attorneys' fees and costs of suit for Plaintiffs and Class members, pursuant to California Labor Code § 1194;

154.   For reasonable attorneys' fees and costs of suit for Plaintiffs and Class members, pursuant to California Labor Code §§ 2698 *et seq.*;

155.   For statutory penalties based on violations of California Labor Code §§ 203, 226(e), 226.3, 226.7, 510, 558, 1194, and 1198, such penalties being authorized in a representative action by aggrieved employees on behalf of all current and former employees pursuant to California Labor Code §§ 2698 *et seq.*; and

156.   For such other special damages, penalties, and other relief for Plaintiffs and Class members as this Court may deem just and proper.

## IX.   JURY TRIAL DEMAND

157.   Plaintiffs demand a trial by jury as to all issues so triable.

DATED:   April  9 , 2010          HAGENS BERMAN SOBOL SHAPIRO LLP

By_____
   LEE M. GORDON

27

700 South Flower Street, Suite 2940
Los Angeles, CA  90017-4101
Telephone:  (213) 330-7150


STEVE W. BERMAN
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292


WILLIAM REHWALD
LAWRENCE GLASNER
DANIEL CHALEFF
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd, Suite 400
Woodland Hills, CA  91357-4600
Telephone:  (818) 703-7500

*Attorneys for Plaintiffs and the Putative Class*

28

# Exhibit A

REHWALD · GLASNER · CHALEFF

WILLIAM REHWALD
LAWRENCE MATTHEW GLASNER
DANIEL R. CHALEFF
KEVIN REHWALD

TOPANGA WARNER FINANCIAL CENTER
5855 TOPANGA CANYON BOULEVARD, SUITE 400
WOODLAND HILLS, CALIFORNIA 91367-4600
TELEPHONE (818) 703-7500
FACSIMILE NUMBER (818) 703-7498

February 5, 2010

## SENT VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED

SCHNEIDER NATIONAL
Attn: Miles Mittlestadt, Assoc. Gen. Counsel
3101 Packerland Drive
Green Bay, WI 54313

California Labor and Workforce Development Agency
801 K. Street, Suite 2101
Sacramento, CA 95814

Re:    Luis Polanco and Alan Krumbine v. Schneider National Carriers, Inc.

To Whom It May Concern:

My firm has been retained to pursue a Class Action Complaint against Schneider National for various violations of the California Labor Code, including: failure to pay overtime compensation, failure to provide rest periods, failure to provide accurate wage statements, and failure to pay all wages due on termination. A copy of the draft Complaint outlining the nature of these claims is attached hereto as **Exhibit "1"** and incorporated herein by reference. It contains a cause of action pursuant to California Labor Code §§ 2698 *et. seq.* (the "Labor Code Private Attorneys General Act of 2004") seeking penalties based upon the above-described violations and Labor Code §§ 203, 226(e), 226.3, and 558.

We have filed a version of this Complaint *without* the cause of action for penalties pursuant to Labor Code §§ 2698 *et. seq.* The filed Complaint is attached hereto as **Exhibit "2"**.

Labor Code § 2699.3 provides that, prior to filing an action under Labor Code §§ 2698 *et. seq.*, the claimant must first send a certified letter to the employer in question and the Labor and Workforce Development Agency setting forth the claims, and the basis for the claims. The letters are designed to give the Labor and Workforce Development Agency an opportunity to take any action it deems appropriate, and the employer the opportunity to cure the alleged violations.

Miles Mittlestadt
Assoc. General Counsel
SCHNEIDER NATIONAL
Re: Luis Polanco v. Schneider National
February 5, 2010
Page 2

The enclosed copy of the draft lawsuit, **Exhibit 1**, sets forth the basis of Plaintiff's claims.  If 33 calendar days pass without your notifying us that you have cured the alleged violations, we will amend the existing Complaint (**Exhibit 2**) to bring suit under Labor Code §§ 2698, *et seq.*, namely by filing **Exhibit 1**, which includes the additional cause of action under Labor Code §§ 2698 *et. seq.*.

The purpose of this letter is to satisfy the requirements created by Labor Code § 2699.3.  If you have any additional questions concerning this claim, please feel free to contact me.

Very truly yours,

REHWALD GLASNER & CHALEFF

DANIEL R. CHALEFF

DRC:srr
Enclosure
cc: Douglas Farmer, Esq.

# EXHIBIT  1

DRAFT

Steve W. Berman
HAGEN BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Ste. 3300
Seattle, WA 98101
(206) 623-7292
Steve@hbsslaw.com

Lee M. Gordon, SB# 174168
HAGEN BERMAN SOBOL SHAPIRO LLP
700 S. Flower St., Ste. 2940
Los Angeles, CA 90017-4101
(213) 330-7150   Facsimile (213) 330-7152
Lee@hbsslaw.com

William Rehwald, SB#51396
Lawrence M. Glasner, SB#142677
Daniel R. Chaleff, SB#173028
Kevin Rehwald, SB#255334
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd., Suite 400
Woodland Hills, California  91367
(818) 703-7500   Facsimile (818) 703-7498
dchaleff@rehwaldlaw.com

Attorneys for Plaintiff and the Putative Class

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST

| | |
|---|---|
| LUIS POLANCO, an individual; ALAN KRUMBINE, an individual; ASUNCION ARIAS, an individual; and DOE PLAINTIFFS; on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation; and DOES 1 through 30, inclusive,<br><br>        Defendants. | CASE NO. BC431370<br>*Assigned to Hon. Carl J. West, Dept. 311 (CCW)*<br><br>CLASS ACTION<br><br>FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND UNFAIR COMPETITION LAW<br><br><br>DEMAND FOR JURY TRIAL |

1

1.    Plaintiffs Luis Polanco, Alan Krumbine and Asuncion Arias, individually and on behalf of all others similarly situated, by and through their undersigned attorneys and for their First Amended Class Action and Representative Action Complaint ("First Amended Complaint") against Defendant Schneider National Carriers, Inc. ("Schneider National" or "Defendant"), allege upon personal knowledge and belief as to their own acts, and upon information and belief (based upon the investigation of their counsel) as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## I.   NATURE OF THE CASE

2.    This First Amended Complaint asserts claims against Defendant for violations of California Labor Code §§ 226, 226.3, 226.7, 510, 558, 1194, 1198, and Bus. & Prof. Code § 17200 *et seq.*

3.    This action is brought as a class action on behalf of all residents of the State of California who, at any time during the four (4) years preceding the filing of the Complaint, up to and including the present, were or are employed as mechanics of Defendant Schneider National who did not receive overtime compensation, rest breaks, accurate itemized wage statements, or all final wages on cessation of employment as required by law. Plaintiffs allege that such mechanics include, but are not limited to, employees working at Schneider National facilities in Los Angeles, Fontana, and Hayward, California. A four (4) year statute of limitations applies to the Unfair Competition Law claim; shorter periods may apply to other claims. Plaintiffs anticipate that through discovery and prior to moving for class certification they may be able to specifically identify other categories of employees appropriate for inclusion in the Class. The Eight Cause of Action in this First Amended Complaint is asserted as a representative action pursuant to the California Labor Code Private Attorney General Act of 2004 ("PAGA"), Labor Code §§ 2698, et seq.

4.    Schneider National provides transportation, logistics, and related services. Schneider National serves more than 80% of the Fortune 500 companies, offering a broad portfolio of services. Schneider National owns a fleet of approximately 10,000 trucks and employs over 10,000 company drivers. Schneider National services its fleet of trucks throughout California, currently employing an

///

2

estimated 80 mechanics who regularly are scheduled to work four (4) ten hour days, without overtime compensation.

5.     At all times relevant hereto, Labor Code §§ 510, 558, 1194 and 1198, California Code of Regulations §11070, and corresponding Industrial Wage Commission ("IWC") Wage Orders Nos. 4-2001 and 9-2001, required payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day, or 40 hours in a work week, and for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one (1) work week.   As alleged herein, Defendant has intentionally and improperly failed to pay mechanics working more than 8 hours in a day, overtime compensation as required by the California Labor Code, the Code of Regulations, the applicable IWC Wage Orders, and California's Unfair Competition Laws, Bus. & Prof. Code § 17200 *et seq.* (the "UCL").   Defendant's overtime violations include:

      (a)   Failing to pay daily overtime owed to class members who routinely worked more than 8 hours per day, and who were not subject to a valid Alternative Workweek Schedule adopted pursuant to Labor Code Section 511;

      (b)   Failing to compensate class members for time spent prepping for vehicle service work (such as preparing tools and work bays, logging into the company's computer system, and/or waiting for vehicle service assignments); and

      (c)   Failing to pay all overtime owed to class members as reported on their timecards due to Defendant's unlawful practice of rounding-down the actual time reported in excess of scheduled work shifts.

6.     At all times relevant hereto, Labor Code §§ 226, 226.3, and IWC Wages Orders required employers to provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, and the corresponding number of hours worked at each hourly rate.   As alleged herein, Defendant has intentionally and improperly failed to pay mechanics employed by Schneider National overtime compensation as required by law, and have failed to accurately report on employee's itemized statements the correct gross wages, total

3

1   overtime hours worked, the proper overtime hourly rates, and/or the corresponding number of hours

2   worked at each hourly rate, all in violation of the Labor Code, IWC Wages Orders, and UCL.

3       7.   At all relevant times hereto, Labor Code § 226.7 and the applicable IWC Wage Orders

4   required the employer to provide employees with a rest period which, in so far as practicable, shall be in

5   the middle of each work period.  The authorized rest period shall be based upon the total hours worked

6   daily at the rate of ten minutes rest time per four hours or major fraction thereof.  As alleged herein,

7   Defendant has intentionally and improperly failed to authorize and permit employees to take rest periods

8   as required by law, and failed to pay employees one hour of pay at their regular rate of compensation for

9   each work day that a rest period was not provided.

10      8.   In this class action, Plaintiffs seek for themselves, and all others similarly situated,

11   injunctive relief in the form of an order prohibiting Defendant from failing to pay overtime

12   compensation to mechanics working more than 8 hours in a day and/or 40 hours in a week, prohibiting

13   Defendant from excluding the time spent prepping for vehicle service work from hours compensated,

14   prohibiting Defendant from rounding-down the actual time reported by class members in excess of

15   scheduled work shifts, prohibiting Defendant from obstructing legally-required rest periods, and

16   prohibiting Defendant from issuing false or misleading wage statements.  Plaintiffs, on behalf of

17   themselves and all others similarly situated, seek damages and penalties for violations of the Labor Code

18   and seek payment of restitution of all sums wrongfully obtained by Defendant in violation of the UCL

19   ("restitution" as used herein includes, without limitation, any and all restitutionary disgorgement that

20   may be granted under the UCL).

21      9.   The full extent of the facts linking the fictitiously designated Defendants with the causes

22   of action alleged herein is unknown to Plaintiffs.  In addition, the true names and capacities, whether

23   individual, plural, corporate, partnership, associate, or otherwise of Defendant DOES 1 through 30, are

24   unknown to Plaintiffs at this time.  Plaintiffs therefore sue said Defendants by such fictitious names and

25   will ask leave of this Court to amend this Complaint to show their true names and capacities when

26   ascertained.  Said Defendants are sued as principals and/or agents, and employees of said principals, and

27   all of the acts performed by them as agents, and employees were performed within the course and scope

28   of their authority and employment.  Based on information and belief, Plaintiffs allege that each and

4

1  every person designated as a DOE Defendant was responsible for the events referred to herein and in

2  some manner caused the injuries to Plaintiffs as hereinafter alleged.   Plaintiffs will amend this

3  Complaint to state the manner in which each fictitious Doe Defendant is so responsible.

4        10.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and

5  omissions alleged herein were performed by, and/or attributable to, Defendant Schneider National and

6  all Doe Defendants, each acting as agents and/or employees, and or under the direction and control of

7  each of the other Defendants, and that said acts and failures to act were within the course and scope of

8  said agency, employment and/or direction and control.  Plaintiffs are informed and believe, and thereon

9  allege, that at all times material hereto Defendant Schneider National and each Doe Defendant were and

10  are the agents of each other.

11  **II.   JURISDICTION AND VENUE**

12        11.    The Plaintiffs are citizens of California, while Defendant Schneider National is a Nevada

13  corporation doing business throughout the state of California.

14        12.    This Court has personal jurisdiction over the parties because Plaintiffs and the members

15  of the proposed Class submit to the personal jurisdiction of this Court, and Schneider National

16  systematically and continually does business in the County of Los Angeles.

17        13.    Venue is also proper pursuant to Code of Civ. Proc. § 395 and § 395.5 and Bus. & Prof.

18  Code § 17204 because Plaintiff Luis Polanco lives in the County of Los Angeles, Plaintiff Asuncion

19  Arias lives in the County of Los Angeles, Alan Krumbine lives in the County of San Bernardino, and

20  Schneider National systematically does business in the County of Los Angeles.   Moreover, all claims

21  asserted herein arise under California law based on employment at Defendant Schneider National's

22  facilities in California, including its facilities in Los Angeles, California.

23  **III.   THE PARTIES**

24        14.    Plaintiff Luis Polanco ("Polanco") resides in the County of Los Angeles, California.

25  From January 2005 through February 2006, and from July 2008 through August 2009, Schneider

26  National employed Polanco as a mechanic at its facility in Los Angeles, California.  At all times while

27  employed by Schneider National, Polanco routinely worked a 10 hour shift, but was not paid overtime

28  ///

5

compensation. Plaintiff was denied legally required rest breaks, did not receive accurate itemized statements, and did not receive all wages due on termination of employment.

15. Plaintiff Alan Krumbine ("Krumbine") resides in the County of San Bernardino, California. From July 1994 through May 2009, Schneider National employed Krumbine as a mechanic at its facility in Fontana, California. At all times while employed by Schneider National, Krumbine routinely worked a 10 hour shift, but was not paid overtime compensation. Plaintiff was denied legally required rest breaks, did not receive accurate itemized statements, and did not receive all wages due on termination of employment.

16. Plaintiff Asuncion Arias ("Arias") resides in the County of Los Angeles, California. From 1992 until the present, Schneider National employed Arias as a mechanic at its facility in Los Angeles, California. At all times while employed by Schneider National, Arias routinely worked a 10 hour shift, but was not paid overtime compensation. Plaintiff was denied legally required rest breaks, and did not receive accurate itemized statements.

17. Defendant Schneider National Carriers, Inc. was and is a corporation organized and existing under the laws of the State of Nevada. Schneider National was and is doing business throughout the State of California with substantial contacts in California and with business locations dispersed throughout Northern and Southern California, including the County of Los Angeles.

18. At all relevant times herein, Schneider National served as Plaintiffs' and Class members' employer, within the meaning of the Labor Code and IWC Wages Orders.

## IV.  FACTUAL BACKGROUND

### A.  Defendant's Failure To Pay Overtime With Accurate Itemized Wage Statements

19. Schneider National provides transportation services throughout California. Schneider National owns a fleet of trucks and employs thousands of drivers throughout the state. To service its trucks, Schneider National employs mechanics at multiple facilities located throughout California.

20. Schneider National's mechanics are routinely scheduled to work four 10-hour days per week (plus meal periods). Mechanics are provided two paid 30 minute meal periods throughout the workday (in addition to the 10 hours of scheduled work). Mechanics routinely work 10 hours or more per day. Mechanics are not paid any overtime compensation when working the scheduled 10 hours per

6

day.  On information and belief, Schneider National mechanics have not instituted an Alternative Work Week Schedule pursuant to the election procedure set forth in IWC Wage Orders Nos. 4-2001 and 9-2001, and Labor Code § 511.  Therefore, Schneider National is not exempt from the requirement of paying overtime compensation for all time worked in excess of 8 hours per day.  Rather, when a class member works a routine four-day week, 10 hours per day schedule, he or she is unlawfully deprived of 2 hours per day of overtime compensation (required under Labor Code Section 510), which amounts to a loss of 8 hours of overtime compensation per week.

21.    Plaintiff Polanco, for example, routinely worked four 10-hour days per week.  However, he was not paid any overtime compensation for the two hours of daily overtime he worked on each work day.  Plaintiff Polanco's time card recorded hours 9 and 10 at the regular rate of pay, and his itemized statement did not include the proper number of overtime hours worked, nor the proper overtime rate that Plaintiff Polanco was entitled to under California Law, nor the proper wage amounts.  Further, Plaintiff Polanco needed to prepare at the workplace for vehicle service work (e.g., prepping tools and work bays, logging into the company's computer system, waiting for vehicle service assignments).  Defendant illegally excluded the time spent prepping for vehicle service work, which further denied him overtime compensation.

22.    On information and belief, if and when Plaintiff Polanco needed to work more than 10 hours in a day due to work demands, Schneider National routinely adjusted his timecard downward to eliminate hours worked in excess of the 10 hours scheduled for the day.  Accordingly, Schneider National did not pay Plaintiff the proper overtime compensation for all hours worked.

23.    Plaintiff Krumbine, for example, routinely worked four 10-hour days per week.  However, he was not paid any overtime compensation for the two hours of daily overtime he worked on each work day.  On information and belief, Plaintiff Krumbine's time card recorded hours 9 and 10 at the regular rate of pay, and his itemized statement did not include the proper number of overtime hours worked nor the proper overtime rate that Plaintiff Krumbine was entitled to under California Law, nor the proper wage amounts.  Further, Plaintiff Krumbine needed to prepare at the workplace for vehicle service work (e.g., prepping tools and work bays, logging into the company's computer system, waiting

///

7

for vehicle service assignments).   Defendant illegally excluded the time spent prepping for vehicle service work, which further denied him overtime compensation.

24.     On information and belief, if and when Plaintiff Krumbine needed to work more than 10 hours in a day due to work demands, Schneider National routinely adjusted his timecard downward to eliminate hours worked in excess of the 10 hours scheduled for the day.   Accordingly, Schneider National did not pay Plaintiff the proper overtime compensation for all hours worked.

25.     Plaintiff Arias, for example, routinely worked four 10-hour days per week.   However, he was not paid any overtime compensation for the two hours of daily overtime he worked on each work day.  On information and belief, Plaintiff Arias's time card recorded hours 9 and 10 at the regular rate of pay, and his itemized statement did not include the proper number of overtime hours worked nor the proper overtime rate that Plaintiff Arias was entitled to under California Law, nor the proper wage amounts.   Further, Plaintiff Arias needed to prepare at the workplace for vehicle service work (e.g., prepping tools and work bays, logging into the company's computer system, waiting for vehicle service assignments).   Defendant illegally excluded the time spent prepping for vehicle service work, which further denied him overtime compensation.

26.     On information and belief, if and when Plaintiff Arias needed to work more than 10 hours in a day due to work demands, Schneider National routinely adjusted his timecard downward to eliminate hours worked in excess of the 10 hours scheduled for the day.   Accordingly, Schneider National did not pay Plaintiff the proper overtime compensation for all hours worked.

27.     Schneider National's failure to pay overtime compensation to mechanics working more than 8 hours in a day, its failure to pay for time spent at the workplace prepping for vehicle service work, its unlawful practice of rounding-down work time, its failure to provide mechanics with accurate itemized wage statements, and its failure to pay all monies due and owing upon termination of employment, violate California labor laws and deprive the class member mechanics of their lawful overtime compensation.

///

///

///

8

28.     In addition, Defendant has intentionally and improperly failed to authorize and permit class members to take the 10 minute rest periods to which they were legally entitled.  Rather, as a general practice, Schneider National would direct its mechanics to tend to all personal affairs during their meal periods.

29.     For example, Plaintiff Polanco routinely worked 10 hours per day without rest periods. The company directed him to tend to all personal affairs during his meal periods.

30.     Similarly, Plaintiff Krumbine routinely worked 10 hours per day without rest periods. The company directed him to tend to all personal affairs during his meal periods.

31.     Similarly, Plaintiff Arias routinely worked 10 hours per day without rest periods.  The company directed him to tend to all personal affairs during his meal periods.

**B.     Under California Law, Plaintiffs And Members Of The Class Are Entitled To Receive Overtime Pay, Accurate Wage Statements, And Rest Periods**

32.     IWC Wage Order Nos. 4-2001 and 9-2001 protect all non-exempt employee mechanics in California, and states in pertinent part:

"3. Hours and Days of Work

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including

9

12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

33.     Labor Code §§ 510, 558, 1194 and 1198, Code of Regulations § 11070, and the corresponding IWC Wages Order provide that non-exempt employees in California shall not be employed more than eight (8) hours in any work day nor more than 40 hours in any workweek without receiving additional compensation beyond their regular wages in amounts specified by law.

34.     Labor Code §§ 226, 226.3 and IWC Wages Orders provide that employers must provide non-exempt employees with itemized wage statements showing total hours worked and all applicable hourly rates.

35.     Labor Code § 226.7 and the applicable IWC Wage Orders provide that non-exempt employees in California are entitled to rest periods as mandated by the applicable IWC Wage Orders. The authorized rest period shall be based upon the total hours worked daily at the rate 10 minutes net rest time for every four hours or major fraction thereof.  If an employer fails to provide the appropriate rest periods, the employer must pay one hour of additional pay at the employee's regular rate of compensation for each work day that a rest period is not provided.

36.     Defendant's conduct of requiring additional work beyond 8 hours in a day from Plaintiffs and Class members in the absence of overtime pay and rest periods, knowingly and intentionally failing to provide accurate itemized wage statements, and willfully failing to pay wages earned and unpaid promptly upon employees' termination or resignation violates the above-referenced provisions of California law and also constitutes unfair competition and unlawful, unfair and fraudulent acts and practices within the meaning of the UCL.

## V.   CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this action individually and as a class action on behalf of a proposed "Class" defined as follows:

10

1
2
3
4

> All persons, at any time during the period from four years prior to the filing of the complaint, up to and including the present, who were employed as hourly mechanics at any Schneider National location in the State of California.

5   Plaintiffs reserve the right to modify the definition of the Class after further discovery.
6   All named Plaintiffs and Class members seek relief under the Labor Code and UCL as alleged in the
7   Complaint.  This action is brought and may properly be maintained as a class action pursuant to Code
8   Civ. Proc. § 382 and California. Rules of Court, Rule 3.764 *et. seq.*.  This class action satisfies the
9   numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.  To
10   the extent that Defendant maintains that any mechanic employed by Schneider National in California
11   has released claims asserted herein, such "release" is void pursuant to California Labor Code § 206 and
12   § 206.5, and is otherwise invalid, unconscionable, and unenforceable under California law.

13   38.   **Numerosity of the Class.**  The members of the Class are so numerous that the individual
14   joinder of all members is impracticable.  While the exact number and identities of Class members are
15   unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery directed to
16   Defendant, Plaintiffs believe and therefore allege that there are approximately 100 or more members of
17   the Class (including current mechanics and former mechanics that work or that worked at Schneider
18   National locations in California).

19   39.   **Typicality of Claims.**  Plaintiffs' claims are typical of the claims of the members of the
20   Class, and Plaintiffs' interests are consistent with and not antagonistic to those of the other Class
21   members they seek to represent.  Plaintiffs and all members of the Class have sustained damages and
22   face irreparable harm arising out of Defendant's common course of conduct as complained of herein.
23   The damages sustained by each member of the Class were caused directly by Defendant's wrongful
24   conduct, as alleged herein.

25   40.   **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests
26   of the members of the Class.  Their claims are not antagonistic to those of the Class members.  Plaintiffs
27   have retained attorneys who are experienced in the prosecution of complex class actions and
28   employment cases, and Plaintiffs intend to prosecute this action vigorously.

First Amended Class Action and Representative Action Complaint for Violations of the Labor Code and Unfair Competition Law

1    41.    **Community of Interest; Existence and Predominance of Common Questions of Law**

2    **or Fact.** Common questions of law and fact exist as to all members of the Class that predominate over

3    any questions affecting only individual members of the Class.

4        <u>Common Class Questions</u>:

5        The common legal and factual questions, which do not vary among Class members, and

6        which may be determined without reference to the individual circumstances of any Class

7        member include, but are not limited to, the following:

8            (a)    Whether Defendant failed to pay overtime wages due to each Class member in

9        violation of Labor Code §§ 510, 558, 1194 and 1198 and IWC Wages Orders;

10           (b)    Whether Defendant failed to adopt a valid Alternative Workweek Schedule in

11       accordance with Labor Code § 511;

12           (c)    Whether Defendant failed to provide legally required rest periods due to each

13       class member in violation of Labor Code § 226.7 and the applicable IWC Wage Orders.

14           (d)    Whether Defendant failed to provide accurate itemized wage statements to each

15       Class member in violation of Labor Code §§ 226, 226.3 and IWC Wages Orders;

16           (e)    Whether Defendant wrongfully deprived Class members of overtime

17       compensation for time spent prepping for vehicle service work (such as prepping tools and work

18       bays, logging into the company's computer system, and/or waiting for vehicle assignments);

19           (f)    Whether Defendant's practice of rounding down work time to conform to

20       scheduled shifts unlawfully reduced or eliminated overtime compensation otherwise due to class

21       members;

22           (g)    Whether Defendant violated Labor Code § 203 by failing to pay Class Members

23       all wages due on termination of employment;

24           (h)    Whether Defendant's conduct constitutes unlawful, unfair, and/or fraudulent

25       business practices under the UCL;

26           (i)    Whether Class Members are entitled to relief requiring Defendant to pay Class

27       Members overtime compensation when working more than 8 hours a day and more than 40 hours

28       a week in any work week;

12

---

(j)     Whether Class Members are entitled to injunctive relief requiring Defendant to provide mechanics with accurate itemized wage statements showing the total overtime hours worked, applicable overtime pay rates, and the proper wage amounts;

(k)     Whether Class Members are entitled to restitution of overtime wages withheld by Defendant;

(l)     Whether Class Members are entitled to restitution of rest period wages; and

(m)     Whether Class Members are entitled to statutory penalties for Defendant not providing the Class members with all overtime wages, all rest period wages, accurate itemized wage statements, and wages due upon termination of employment.

42.     **Superiority.**   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.  Plaintiffs anticipate no difficulty in the management of this action as a class action.

43.     The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

44.     The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

45.     Defendant has acted or refused to act in respects generally applicable to the Class during the period beginning four years prior to the filing of the Complaint and continuing up to and including the present (the "Class Period").  Defendant's conduct thereby makes appropriate final and injunctive

13

1   relief or corresponding declaratory relief with regard to the members of the Class as a whole, as

2   requested herein.   Likewise, Defendant's conduct as described above is unlawful, continuing and

3   capable of repetition and will continue unless restrained and enjoined by the Court.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

#### (Failure To Pay Daily Overtime Compensation In Violation Of California Labor Code)

7   46.   The preceding paragraphs of this First Amended Complaint are realleged and

8   incorporated by reference hereto as though fully set forth herein.

9   47.   Pursuant to California Labor Code §§ 218 and 1194(a), Plaintiffs may bring a civil action

10   for overtime wages directly against the employer.

11   48.   At all times herein relevant, the applicable Labor Code, Code of Regulations and the

12   applicable IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with

13   Defendant.

14   49.   At all times herein relevant, §§ 510, 1194, and 1198 of the Labor Code, applicable

15   regulations, and the applicable IWC Wage Orders provided for payment of overtime wages equal to one

16   and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day,

17   or over forty (40) hours in a work week, and for payment of overtime wage equal to double the

18   employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all

19   hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

20   50.   For the 9th and 10th hours of work each day, Defendant has intentionally and improperly

21   failed to pay wages due and owing to Plaintiffs and Class members at the daily overtime rate, in

22   violation of the Labor Code, applicable regulations, and the applicable IWC Wage Orders.

23   51.   During their employment with Defendant, Plaintiffs and members of the Class were

24   required to work over eight (8) hours per day, and/or over 40 hours in a work week, without payment of

25   daily overtime wages as required by law.

26   52.   As a matter of policies, practices, and/or procedures, Schneider National has not paid

27   daily overtime compensation for work in excess of 8 hours per day.  The company only paid the regular

28   rate of compensation for the 9th and 10th hours of work each day, despite the fact that the company does

14

1   not have a valid Alternative Workweek Schedule pursuant to California Labor Code § 511, and did not

2   have a valid Alternative Workweek Schedule in place at any time during the Class Period (the "Daily

3   Overtime Violation").

4       53.   As a result of the Daily Overtime Violation, Defendant owes Plaintiffs and each Class

5   member overtime wages pursuant to Labor Code §§ 510, 1194 and 1198 and the applicable IWC Wage

6   Orders according to proof at trial of the hours worked during the three (3) years prior to the filing of the

7   Complaint up to and including the present.

8       54.   Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and

9   Class members the amounts that are due and owing as a result of the Daily Overtime Violation.

10   Defendant's failure to pay Plaintiffs and Class Members overtime wages violates Labor Code §§ 510,

11   558, 1194, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the

12   filing the Complaint, up to and including the present.

13       55.   Plaintiffs request payment of daily overtime compensation according to proof, interest,

14   attorneys' fees and costs pursuant to Labor Code § 1194(a), and any other statutory penalties against

15   Defendant in a sum as provided by the Labor Code and/or other statutes.

16       56.   Plaintiffs and the Class members also request relief as described below.

17       **SECOND CAUSE OF ACTION UNDER CALIFORNIA STATE LAW**

18       **(Failure To Compensate For Prep Time In Violation Of California Labor Code)**

19       57.   The preceding paragraphs of this First Amended Complaint are realleged and

20   incorporated by reference hereto as though fully set forth herein.

21       58.   Pursuant to California Labor Code §§ 218 and 1194(a), Plaintiffs may bring a civil action

22   for overtime wages directly against the employer.

23       59.   At all times herein relevant, the applicable Labor Code, Code of Regulations and the

24   applicable IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with

25   Defendant.

26       60.   At all times herein relevant, §§ 510, 1194, and 1198 of the Labor Code, applicable

27   regulations, and the applicable IWC Wage Orders provided for payment of overtime wages equal to one

28   and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day,

15

1  or over forty (40) hours in a work week, and for payment of overtime wage equal to double the

2  employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all

3  hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

4      61.   Defendant has intentionally and improperly failed to make payment of overtime wages

5  and other benefits to Plaintiffs and Class members for time spent prepping for vehicle service work, in

6  violation of the Labor Code, applicable regulations, and the applicable IWC Wage Orders.

7      62.   During their employment with Defendant, Plaintiffs and members of the Class were

8  required to work over eight (8) hours per day, and/or over 40 hours in a work week, without payment of

9  overtime wages and other benefits as required by law.

10     63.   As a matter of policies, practices, and/or procedures, Schneider National has not paid

11 overtime compensation for time spent at the workplace prepping for service work, such as prepping

12 tools and work bays, logging into the company's computer system, and/or waiting for work assignments

13 (the "Prep Time Violation").  The time spent by Plaintiffs and Class members prepping for service work

14 was subject to the control of the employer, Schneider National.

15     64.   As a result of the Prep Time Violation, Defendant owes Plaintiffs and each Class member

16 overtime wages pursuant to Labor Code §§ 510, 1194 and 1198, applicable regulations, and the

17 applicable IWC Wage Orders according to proof at trial for the hours worked during the three (3) years

18 prior to the filing of the Complaint up to and including the present.

19     65.   Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and

20 Class members the amounts that are due and owing as a result of the Prep Time Violation.  Defendant's

21 failure to pay Plaintiffs and Class Members overtime wages violates Labor Code §§ 510, 558, 1194, and

22 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the filing the

23 Complaint, up to and including the present.

24     66.   Plaintiffs request payment of overtime compensation according to proof, interest,

25 attorneys' fees and costs pursuant to Labor Code § 1194(a), and any other statutory penalties against

26 Defendant in a sum as provided by the Labor Code and/or other statutes.

27     67.   Plaintiffs and the Class members also request relief as described below.

28 ///

16

## THIRD CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Rounding-Down Overtime In Violation of California Labor Code)

68.    The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

69.    Pursuant to California Labor Code §§ 218 and 1194(a), Plaintiffs may bring a civil action for overtime wages directly against the employer.

70.    At all times herein relevant, the applicable Labor Code, Code of Regulations and the applicable IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with Defendant.

71.    At all times herein relevant, §§ 510, 1194, and 1198 of the Labor Code, applicable regulations, and the applicable IWC Wage Orders provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over eight (8) hours per day, or over forty (40) hours in a work week, and for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

72.    Defendant has intentionally and improperly failed to make payment of overtime wages and other benefits to Plaintiffs and Class members for time spent beyond scheduled shifts, rounding down reported overtime in violation of the Labor Code, applicable regulations, and the applicable IWC Wage Orders.

73.    During their employment with Defendant, Plaintiffs and members of the Class were required to work over eight (8) hours per day, and/or over 40 hours in a work week, without payment of overtime wages and other benefits as required by law.

74.    As a matter of policies, practices, and/or procedures, Schneider National routinely rounded down work time reported in excess of scheduled shifts (the "Rounding Down Violation").

75.    As a result of the Rounding Down Violation, Defendant owes Plaintiffs and each Class member overtime wages pursuant to Labor Code §§ 510, 1194 and 1198, applicable regulations, and the applicable IWC Wage Orders according to proof at trial of the hours worked during the three (3) years prior to the filing of the Complaint up to and including the present.

17

76.    Defendant has failed and refused, and continue to fail and refuse, to pay Plaintiffs and Class members the amounts that are due and owing as a result of the Rounding Down Violation. Defendant's failure to pay Plaintiffs and Class Members overtime wages violates Labor Code §§ 510, 558, 1194, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the filing the Complaint, up to and including the present.

77.    Plaintiffs request payment of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to Labor Code § 1194(a), and any other statutory penalties against Defendant in a sum as provided by the Labor Code and/or other statutes.

78.    Plaintiffs and the Class members also request relief as described below.

### FOURTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Failure To Provide Rest Periods In Violation Of California Labor Code)

79.    The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

80.    At all times herein relevant, Labor Code § 226.7 and the applicable IWC Wage Orders provide that employees must receive rest periods of 10 minutes for each 4 hours of work.

81.    Defendant failed to provide the legally required rest periods during the Class Period (the "Rest Period Violation").

82.    Because Defendant failed to provide the legally required rest periods, they are liable to Plaintiffs, and each Class Member, for one hour of additional pay at the regular rate of compensation for each work day that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and the applicable IWC Wage Orders.

83.    Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiffs and Class members the rest period wages that are due and owing as a result of the Rest Period Violation. Defendant's failure to pay Plaintiffs and Class Members rest period wages violates Labor Code §§ 226.7, 558, and 1198, and therefore subjects Defendant to civil penalties for one (1) year prior to the filing the Complaint, up to and including the present.

84.    Plaintiffs and the Class Members also request relief as described below.

///

18

## FIFTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Failure To Provide Accurate Wage Statements In Violation Of California Labor Code)

85.     The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

86.     At all times herein relevant, Labor Code §§ 226 and the applicable IWC Wage Orders required that employers provide employees with itemized wage statements showing total hours worked, all applicable hourly rates, and proper wage amounts.

87.     Labor Code § 226(e) provided that if an employer knowingly and intentionally fails to provide employee's a statement showing the total hours worked, all applicable hourly rates, and proper wages, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4,000.

88.     Defendant has knowingly and intentionally failed to furnish Plaintiffs, and each Class member with timely and accurate itemized statements showing the total hours worked, all applicable hourly rates, and proper wage amounts (among other requirements), as required by Labor Code § 226(a) (the "Wage Statement Violation").

89.     As a result of the Wage Statement Violation, Defendant is liable to Plaintiffs and each Class member for the amounts provided by Labor Code § 226(e) for the one (1) year prior to the filing of the Complaint up to and including the present.

90.     Plaintiffs are also entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(e).

91.     Plaintiffs and Class members also request relief as described below.

## SIXTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Waiting Time Penalties For Violation Of California Labor Code § 203)

92.     The preceding paragraphs of this First Amended Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

93.     Labor Code § 201 requires and employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within

19

1   seventy-two (72) hours of an employee's resignation. Labor Code § 203 provides that if an employer

2   willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201

3   and 202, then the employer is liable for waiting time penalties in the form of continued compensation

4   for up to thirty (30) work days.

5       94.   During the Class Period, Defendant Schneider National has willfully failed and refused to

6   timely pay all compensation due and owing to Class members whose employment terminated during the

7   Class Period, as required by Labor Code §§ 201 and 202 (the "Waiting Time Violation").

8       95.   As a result of the Waiting Time Violation, Defendant is liable to Plaintiff and the Class

9   Members for waiting time penalties, together with interest thereon and attorney's fees and costs, in

10  accordance with California Labor Code § 203.

11      96.   Defendant is also liable for civil penalties pursuant to Labor Code §§ 558 and 1198, in

12  the amounts set forth therein, for the one (1) year prior to the filing of the Complaint, up to and

13  including the present.

14      97.   Plaintiff and the Class request relief as described below.

15  ## SEVENTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

16  ### (Violations Of The UCL, Cal. Bus. & Prof. Code §§ 17200, et. seq.)

17      98.   The preceding paragraphs of this First Amended Complaint are realleged and

18  incorporated by reference hereto as though fully set forth herein.

19      99.   Defendant's acts constitute a continuing and ongoing unlawful, unfair, and fraudulent

20  activity prohibited by the UCL and justify the issuance of an injunction, restitution and other equitable

21  relief pursuant to Bus. & Prof. Code § 17203.

22      100.  Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce

23  minimum labor standards, including the requirements to pay overtime and benefits pursuant to Labor

24  Code §§ 510, 558, 1194 and 1198, to provide legally required rest periods pursuant to Labor Code

25  § 226.7, to provide accurate itemized wage statements pursuant to Labor Code §§ 226, 226.3, and the

26  applicable IWC Wage Orders, and to pay all wages on termination of employment pursuant to Labor

27  Code § 203. Defendant's conduct of requiring Plaintiffs and Class members to work over 8 hours in a

28  day in the absence of overtime, without adequate rest periods, without providing accurate itemized wage

20

1  statements, and without paying wages earned and unpaid promptly upon termination or resignation

2  directly violates state law, constitutes and was intended to constitute unfair competition and unlawful

3  and unfair acts and practices within the meaning of the UCL.

4      101.   Through the wrongful and illegal conduct alleged herein (including the Daily Overtime

5  Violation, Prep Time Violation, Rounding Down Violation, Rest Period Violation, Wage Statement

6  Violation, and Waiting Time Violation), Defendant has acted contrary to the public policy of this State.

7      102.   Defendant has engaged in unlawful business acts and practices by violating California

8  law including, but not limited to, Labor Code §§ 201-203, 226, 226.3, 226.7, 510, 558, 1194, 1198, 2698

9  et seq. and the applicable IWC Orders.

10     103.   Under the provisions of the UCL and for predicate law violations of Labor Code §§ 201-

11 203, 226, 226.3, 226.7, 510, 558, 1194, 1198, 2698 et seq. and the applicable IWC Wages Order,

12 Plaintiffs and each Class member should receive restitution for Defendant's failure to pay overtime

13 wages, and rest period wages, in a sum according to proof for the four (4) years preceding the filing of

14 the Complaint, up to and including the present.

15     104.   Plaintiffs are informed and believe and thereon allege that Defendant knew or should

16 have known that Class members were entitled to overtime when working more than 8 hours in a day or

17 more than 40 hours in a week, and were entitled to rest period wages when a legally required rest period

18 was not provided.

19     105.   As a result of Defendant's violations of the UCL, Defendant has unjustly enriched itself

20 at the expense of Plaintiffs, the members of the Class, and the general public.

21     106.   To prevent this unjust enrichment, Defendant should be required to make restitution to all

22 Plaintiffs and members of the Class, as identified in the Complaint (and as will be identified further

23 through discovery into Defendant's books and records), for the four (4) years preceding the filing of the

24 Complaint, up to and including the present.

25     107.   Plaintiffs and the members of the Class also request that this Court enter such orders or

26 judgment as may be necessary to restore to any person in interest any money which may have been

27 acquired by means of such unfair practices, as provided in the UCL, Bus. & Prof. Code § 17203, and for

28 such other relief as set forth herein.

21

108.   Plaintiffs have suffered "injuries in fact" and "lost money or property" within the meaning of Bus. & Prof. Code § 17204 and each one has standing to bring this claim for injunctive and equitable relief.  See Cortez v. Purolator Air Filtration Products Co., 23 Cal. 4th 163 (2000).

109.   Injunctive relief is necessary to prevent Defendant from continuing to engage in unfair business practices, as alleged herein.  Defendant and persons acting in concert with them, have done, or are now doing, and will continue to do or cause to be done, the herein-described illegal acts unless restrained or enjoined by this Court.

110.   The conduct of Defendant, as alleged herein, has been and continues to be deleterious to Plaintiffs, the members of the Class, and the general public.  By this action, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code Civ. Proc. § 1021.5

111.   Pursuant to Bus. & Prof. Code § 17203, Plaintiffs, on behalf of themselves and all Class members, request injunctive relief and restitution of all sums obtained by Defendant in violation of Bus. & Prof. Code §17200 et seq. for the four (4) years preceding the filing of the original Complaint, up to and including the present.

112.   Plaintiffs and the Class also request relief as described below.

### EIGHTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Civil Penalties Pursuant To California's Labor Code Private

### Attorneys General Act of 2004 --Labor Code §§ 2698 et seq.)

113.   The California Labor Code Private Attorneys General Act of 2004 (commonly known as "PAGA") provides in pertinent part that:  "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." Cal. Labor Code § 2699(a).

114.   For purposes of PAGA, an 'aggrieved employee' means "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

///

22

115.   Plaintiffs are 'aggrieved employees' within the meaning of PAGA, since they are persons who were employed by the alleged violator (Schneider National) and against whom the alleged violations were committed.

116.   Labor Code § 2699.3 provides that, prior to filing an action under PAGA, the claimant must first send a certified letter to the employer in question and the Labor and Workforce Development Agency setting forth the claims, and the basis for the claims.  The letter is designed to give the Labor and Workforce Development Agency an opportunity to take any action it deems appropriate, and the employer the opportunity to cure the alleged violations within 33 calendar days.

117.   Plaintiffs have complied with the procedure for bringing a representative action under PAGA, by sending the certified notice attached hereto as **Exhibit A**.  Defendant did not cure the alleged violations within 33 calendar days of delivery of Plaintiffs' certified notice under PAGA.

118.   By this action, Plaintiffs are entitled to recover, and hereby seek to recover, each and every civil penalty authorized under California Labor Code §§ 226.3 and 558 on behalf of themselves and all current or former hourly mechanics employed by Defendant in California, based upon the California Labor Code violations alleged herein (including wage statement violations and overtime violations), and pursuant to PAGA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray judgment against Defendant as follows:

### AS TO THE FIRST, SECOND, AND THIRD CAUSES OF ACTION:

119.   For compensatory damages in an amount according to proof at the time of trial representing the amount of unpaid overtime compensation owed to Plaintiffs and Class members for the three (3) years prior to the filing of the Complaint up to and including the present;

120.   For interest calculated according to law on any overtime compensation due from the day such amounts were due for the three (3) years prior to the filing of the Complaint up to and including the present;

121.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to California Labor Code § 1194(a) and Cal. Code Civ. Proc. § 1021.5;

23

1      122.   For statutory penalties pursuant to Labor Code §§ 510, 558, 1194, and 1198 , for one (1)

2   year prior to the filing of the Complaint, up to and including the present; and

3      123.   For any other statutory interest and penalties.

4   **AS TO THE FOURTH CAUSE OF ACTION:**

5      124.   For statutory rest period wages owed to Plaintiffs and Class members pursuant to

6   California Labor Code § 226.7, in an amount according to proof at trial for the three (3) years prior to

7   the filing of the Complaint up to and including the present;

8      125.   For interest calculated according to law on any rest period wages due from the day such

9   amounts were due for the three (3) years prior to the filing of the Complaint up to and including the

10  present;

11     126.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code

12  Civ. Proc. § 1021.5;

13     127.   For statutory penalties pursuant to Labor Code §§ 226.7 and 1198, for one (1) year prior

14  to the filing of the Complaint, up to and including the present; and

15     128.   For any other statutory interest and penalties.

16  **AS TO THE FIFTH CAUSE OF ACTION:**

17     129.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code

18  Civ. Proc. § 1021.5 and Labor Code § 226(e); and

19     130.   For statutory penalties due to Plaintiffs and Class members pursuant to Labor Code §§

20  226(e) and 1198; and

21     131.   For any other statutory interest and penalties.

22  **AS TO THE SIXTH CAUSE OF ACTION:**

23     132.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code

24  Civ. Proc. § 1021.5;

25     133.   For statutory penalties pursuant to Labor Code §§ 203 and 1198, for one (1) year prior to

26  the filing of the Complaint, up to and including the present; and

27     134.   For any other statutory interest and penalties.

28  ///

24

**AS TO THE SEVENTH CAUSE OF ACTION:**

135.   For an order requiring Defendant to show cause, if any, why it should not be enjoined as set forth herein above, during and after the pendency of this action; and

136.   For an order that Defendant to pay restitution of sums to Plaintiffs and to each Class member for Defendant's past failure to pay overtime wages, rest period wages, and/or other employee benefits or employer liabilities (e.g., withholding taxes, worker's compensation premiums) in violation of the UCL, in an amount according to proof, for the four (4) years preceding the filing of the Complaint, up to and including the present.

**AS TO THE EIGHTH CAUSE OF ACTION:**

137.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to California Labor Code §§ 2698 *et seq.*;

138.   For statutory penalties based on violations of California Labor Code §§ 203, 226(e), 226.3, 226.7, 510, 558, 1194, and 1198, such penalties being authorized in a representative action by aggrieved employees on behalf of all current and former employees pursuant to California Labor Code §§ 2698 *et seq.*; and

139.   For any other statutory interest and penalties.

**AS TO ALL CAUSES OF ACTION:**

140.   For determination that this action may be maintained as a Class action with respect to the Class identified herein and certify it, or alternatively certify all issues that are appropriately certified; and designate and appoint Plaintiffs as Class Representatives and their counsel as Class Counsel;

141.   For compensatory damages according to proof for Plaintiffs and Class members;

142.   For the injunctive relief requested above for Plaintiffs and Class members;

143.   For an award of restitution according to proof for Plaintiffs and Class members;

144.   For an award of statutory interest according to proof for Plaintiffs and Class members;

145.   For the costs of bringing this suit for Plaintiffs and Class members;

146.   For reasonable attorneys' fees for Plaintiffs and Class members; and

147.   For such special damages, penalties, and other relief for Plaintiffs and Class members as this Court may deem just and proper.

First Amended Class Action and Representative Action Complaint for Violations of the Labor Code and Unfair Competition Law

# EXHIBIT 2

1   LEE M. GORDON (State Bar No. 174168)
    HAGENS BERMAN SOBOL SHAPIRO LLP
2   700 South Flower St., Suite 2940
    Los Angeles, CA  90017-4101
3   Telephone: (213) 330-7150
    Facsimile: (213) 330-7152
4   Lee@hbsslaw.com
                -and-
5   STEVE W. BERMAN
    HAGENS BERMAN SOBOL SHAPIRO LLP
6   1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
7   Telephone:  (206) 623-7292
    Steve@hbsslaw.com
8
    LAWRENCE GLASNER (State Bar No. 142677)
9   WILLIAM REHWALD (State Bar No. 51396)
    DANIEL CHALEFF (State Bar No. 173028)
10  REHWALD GLASNER & CHALEFF
    5855 Topanga Canyon Blvd, Suite 400
11  Woodland Hills, CA  91367-4600
    Telephone:  (818) 703-7500
12  dchaleff@rehwaldlaw.com

13  *Attorneys for Plaintiffs and the Class*

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                    COUNTY OF LOS ANGELES

17  LUIS POLANCO, an individual; ALAN      )   CASE NO. BC431370
    KRUMBINE, an individual; on behalf of   )
18  themselves and all others similarly situated, )   **CLASS ACTION**
                                            )
19                                          )
                                            )
20                         Plaintiffs,      )   **NOTICE OF ERRATA TO FIRST**
                                            )   **AMENDED COMPLAINT**
21            v.                            )
                                            )
22  SCHNEIDER NATIONAL CARRIERS, INC., a )
    Nevada corporation; and DOES 1 through 20, )
23  inclusive,                              )
                                            )
24                         Defendants.      )
                                            )
25  _____)

26

27

28

### NOTICE OF ERRATA

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE:

It has come to the attention of Plaintiffs that the First Amended Complaint (the "FAC") includes certain allegations regarding Plaintiffs' daily work schedule that are unclear or inconsistent.  To be clear, Plaintiffs allege that they and the other Class members were scheduled each workday to work 10 hours plus two 30 minute break periods (1 hour of total break time including meals *and* rest).  Plaintiffs hereby provide notice of the following corrections to the FAC:

1.      Paragraph 21 of the FAC should be corrected as follows: "Schneider National's mechanics are routinely scheduled to work four 10-hour days per week [(] plus <u>1 hour for</u> meal <u>and rest</u> periods[)].  Mechanics are provided two paid 30 minute [*meal*] periods <u>to cover meal and rest breaks</u> throughout the workday (in addition to the 10 hours of scheduled work <u>ignoring rest time</u>).  Mechanics routinely work 10 hours<u>+</u> [*or more*] per day.  Mechanics are not paid any overtime compensation when working the scheduled 10<u>+</u> hours per day. . . . Rather, when a class member works a routine four-day week, 10<u>+</u> hours per day schedule, he or she is unlawfully deprived of 2<u>+</u> hours per day of overtime compensation (required under Labor Code Section 510), which amounts to a loss of 8 hours of overtime compensation per week <u>(plus 2 hours of overtime compensation on rest period time, assuming one 30 minute rest period per workday)</u>."

2.      Paragraph 22 of the FAC should be corrected as follows: "Plaintiff Polanco, for example, routinely worked four 10<u>+</u>-hour days per week.  However, he was not paid any overtime compensation for the two<u>+</u> hours of daily overtime he worked on each work day.  Plaintiff Polanco's time card recorded <u>overtime</u> hours [*9 and 10*] at the regular rate of pay. . . ."

3.      Paragraph 23 of the FAC should be corrected as follows: "On information and belief, if and when Plaintiff Polanco needed to work more than 10 hours in a day due to work demands <u>(plus the 1 hour of meal and rest period time)</u>, Schneider National routinely adjusted his timecard downward to eliminate hours worked in excess of <u>those</u> [*the 10 hours*] scheduled for the

010160-11 371633 V1

1 | day. . . ."

2 |     4.    Paragraph 24 of the FAC should be corrected as follows: "Plaintiff Krumbine, for

3 | example, routinely worked four 10±-hour days per week.  However, he was not paid any overtime

4 | compensation for the two± hours of daily overtime he worked on each work day.   Plaintiff

5 | Krumbine's time card recorded <u>overtime</u> hours [*9 and 10*] at the regular rate of pay. . . ."

6 |     5.    Paragraph 25 of the FAC should be corrected as follows:  "On information and

7 | belief, if and when Plaintiff Krumbine needed to work more than 10 hours in a day due to work

8 | demands <u>(plus the 1 hour of meal and rest period time)</u>, Schneider National routinely adjusted his

9 | timecard downward to eliminate hours worked in excess of <u>those</u> [*the 10 hours*] scheduled for the

10 | day. . . ."

11 |     6.    Paragraph 26 of the FAC should be corrected as follows: "Plaintiff Arias, for

12 | example, routinely worked four 10±-hour days per week.  However, he was not paid any overtime

13 | compensation for the two± hours of daily overtime he worked on each work day.  Plaintiff Arias'

14 | time card recorded <u>overtime</u> hours [*9 and 10*] at the regular rate of pay. . . ."

15 |     7.    Paragraph 27 of the FAC should be corrected as follows:  "On information and

16 | belief, if and when Plaintiff Arias needed to work more than 10 hours in a day due to work

17 | demands <u>(plus the 1 hour of meal and rest period time)</u>, Schneider National routinely adjusted his

18 | timecard downward to eliminate hours worked in excess of <u>those</u> [*the 10 hours*] scheduled for the

19 | day. . . ."

20 |     8.    Paragraph 58 of the FAC should be corrected as follows:  "For the 9th and 10th <u>and</u>

21 | <u>part of the 11th</u> hours of work each day. . . ."

22 |     9.    Paragraph 60 of the FAC should be corrected as follows: ". . . The company only

23 | paid the regular rate of compensation for the 9th and 10th <u>and part of the 11th</u> hours of work each

24 | day. . . ."

25 |

26 |     The underlined text has been added; bracketed and italicized text is deleted.

27 |

28 |

010160-11 371633 V1

NOTICE OF ERRATA

1    DATED:   May 10, 2010

2                   HAGENS BERMAN SOBOL SHAPIRO LLP

3

4                   By _____

5                        LEE M. GORDON
                   700 South Flower Street, Suite 2940

6                   Los Angeles, CA  90017-4101
                   Telephone:  (213) 330-7150

7                   STEVE W. BERMAN
                   HAGENS BERMAN SOBOL SHAPIRO LLP

8                   1301 Fifth Avenue, Suite 2900
                   Seattle, WA  98101

9                   Telephone:  (206) 623-7292

10                 LAWRENCE GLASNER
                   WILLIAM REHWALD

11                 DANIEL CHALEFF
                   REHWALD GLASNER & CHALEFF

12                 5855 Topanga Canyon Blvd, Suite 400
                   Woodland Hills, CA  91357-4600

13                 Telephone:  (818) 703-7500

14                 *Attorneys for Plaintiffs and the Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

010160-11 371633 V1                 NOTICE OF ERRATA

# EXHIBIT B

1    Douglas J. Farmer, State Bar No. 139646
     douglas.farmer@ogletreedeakins.com
2    Michael J. Nader, State Bar No. 200425
     michael.nader@ogletreedeakins.com,
3    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
     Steuart Tower, Suite 1300
4    One Market Plaza
     San Francisco, CA  94105
5    Telephone:    415.442.4810
     Facsimile:    415.442.4870
6
     Attorneys for Defendant
7    SCHNEIDER NATIONAL CARRIERS, INC.

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10                         CENTRAL DISTRICT

11   LUIS POLANCO, an individual; ALAN            Case No. BC 431370
     KRUMBINE, an individual; ASUNCION
12   ARIAS, an individual; and DOE PLAINTIFFS
     on behalf of themselves and all other similarly   ANSWER BY DEFENDANT SCHNEIDER
13   situated                                     NATIONAL CARRIERS, INC.

14                    Plaintiff,                   Action Filed Date:   February 5, 2010
                                                   Trial:               None set
15           vs.

16   SCHNEIDER NATIONAL CARRIERS, INC.,
     a Nevada Corporation; and DOES 1 through 30,
17   inclusive                                           BY FAX

18                    Defendant.

19

20

21          Defendant Schneider National Carriers, Inc. ("Schneider") hereby answers the First

22   Amended Class Action Complaint brought by the Named Plaintiffs Luis Polanco ("Polanco"),

23   Alan Krumbine ("Krumbine"), and Asuncion Arias ("Arias")(jointly the "Named Plaintiffs") as

24   follows:

25                              GENERAL DENIAL

26          The Complaint is not verified.  Pursuant to Section 431.30(d) of the Code of Civil

27   Procedure, Schneider generally denies each and every allegation in the Complaint, including,

28   without limitation, the allegations that the Named Plaintiffs or any members of the putative class

8770865_2.DOC

1  (jointly the "Plaintiffs") are entitled to any of the relief requested, or that Schneider has engaged

2  in any wrongful or unlawful conduct, or that Schneider's conduct or omissions caused any injury

3  or damage to any of the Plaintiffs.

4  **AFFIRMATIVE DEFENSES**

5  Without waiving any answers or defenses, Schneider asserts the following affirmative

6  defenses to the Complaint:

7  **FIRST AFFIRMATIVE DEFENSE**

8  The Complaint, and each cause of action therein, fails to state a claim upon which relief

9  can be granted.

10  **SECOND AFFIRMATIVE DEFENSE**

11  The Plaintiffs have not suffered any legally cognizable damages as a result of the matters

12  alleged in the Complaint.

13  **THIRD AFFIRMATIVE DEFENSE**

14  The Plaintiffs' claims are barred by the applicable statute(s) of limitation, including,

15  without limitation, Cal. Code Civ. Proc. §§ 337, 338, 339, 340, and Cal. Bus. & Prof. Code §

16  17208.

17  **FOURTH AFFIRMATIVE DEFENSE**

18  The Plaintiffs' claims are barred because they failed to exhaust internal and

19  administrative remedies, including those provided in Section 2699.3 in the California Labor

20  Code.

21  **FIFTH AFFIRMATIVE DEFENSE**

22  The Plaintiffs' claims are barred, in whole or in part, because they were at all times

23  exempt from the provisions of the California Labor Code governing wages, overtime pay, meal

24  and rest break periods, hours of employment, and from the wage orders of California's Industrial

25  Welfare Commission, as well as from any similar federal law.

26  **SIXTH AFFIRMATIVE DEFENSE**

27  The Plaintiffs' claims are barred because they failed to perform the necessary conditions

28  to give rise to an obligation by Schneider to pay any of the claimed wages.

1

### SEVENTH AFFIRMATIVE DEFENSE

2    Schneider acted at all times on the basis of a good faith, reasonable belief that it was in

3    compliance with state and federal law.

4

### EIGHTH AFFIRMATIVE DEFENSE

5    At all relevant times, Schneider performed and discharged in good faith each and every

6    obligation owed, if any, to the Plaintiffs, acting without malice and with a good faith belief in the

7    propriety of its conduct.

8

### NINTH AFFIRMATIVE DEFENSE

9    The Plaintiffs are not entitled to any penalty award under the provisions of the California

10   Labor Code, or other provisions of California law alleged in the Complaint because at all

11   relevant times, Schneider did not willfully, knowingly, or intentionally fail to comply with any

12   provisions of such laws, but rather acted in good faith and had reasonable grounds for believing

13   that it did not violate such provisions.

14

### TENTH AFFIRMATIVE DEFENSE

15   The Plaintiffs are not entitled to recover any penalties or punitive damages, and any

16   award of such would violate Schneider's constitutional rights under the provisions of the United

17   States and California Constitutions, including the due process clauses of the Fifth and Fourteenth

18   Amendments of the United States Constitution, the excessive fines and the cruel and unusual

19   punishment clauses of the Eighth Amendment of the United States Constitution, and the due

20   process and excessive fines clauses contained in the California Constitution.

21

### ELEVENTH AFFIRMATIVE DEFENSE

22   The Plaintiffs are not entitled to recover any award of penalties as alleged in the

23   Complaint, including, without limitation, any alleged penalties under the Private Attorneys

24   General Act in the California Labor Code, to the extent that such an award would be unjust,

25   arbitrary, oppressive, or confiscatory.

26

### TWELFTH AFFIRMATIVE DEFENSE

27   The Plaintiffs are not entitled to any premium wages under Sections 226.7 and 512 of the

28   California Labor Code, the wage orders of California's Industrial Welfare Commission, or any

3

Case No. BC 431370

1  other provision of California law, because the Plaintiffs were at all times provided, authorized

2  and permitted to take meal breaks and rest breaks as provided by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

4       The Named Plaintiffs lack standing to bring this Complaint because, pursuant to Section

5  17200 of the Business & Professions Code, none of the Named Plaintiffs suffered any injury in

6  fact, and have not lost money or property as a result of alleged unfair competition by Schneider.

### FOURTEENTH AFFIRMATIVE DEFENSE

8       The Plaintiffs are not entitled to any penalties pursuant to their causes of action based on

9  Section 17200 of the California Business & Professions Code because penalties are not an

10  authorized form of relief under that statute.

### FIFTEENTH AFFIRMATIVE DEFENSE

12       The Named Plaintiffs lack standing to bring their claim based on 17200 of the California

13  Business & Professions Code because their claims are individual in nature and no alleged act or

14  omission of Schneider harmed or threatened to harm the public or the public interest.

### SIXTEENTH AFFIRMATIVE DEFENSE

16       The Plaintiffs' cause of action based on Section 17200 of the California Business &

17  Professions Code is barred because they have an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

19       The Named Plaintiffs' cause of action based on Section 17200 of the California Business

20  & Professions Code is not appropriate for resolution on a representative basis and allowing such

21  a representative claim would violate the Due Process Clauses of the United States and California

22  Constitutions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

24       Schneider cannot be held liable for any alleged violation of Section 17200 of the

25  California Business & Professions Code because its actions, conduct and/or dealings with the

26  Plaintiffs and its other employees were lawful, and were carried out in good faith and for

27  legitimate business purposes.

28  ///

### NINTEENTH AFFIRMATIVE DEFENSE

The alleged damages, injuries, and/or losses suffered by the Plaintiffs, if any, proximately resulted from the negligence of parties, persons, and/or entities other than Schneider, and the liability of Schneider, if any, is limited in direct proportion to the percentage of fault actually attributable to Schneider.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged damages, injuries, and/or losses were proximately caused by or contributed to by the acts or omissions of others and/or by unavoidable incidents or conditions, without fault on the part of Schneider, which acts, omissions, incidents and/or conditions were an intervening and superseding cause of the Plaintiffs' alleged damages, injuries and/or losses, if any.

### TWENTY-ONE AFFIRMATIVE DEFENSE

To the extent that Schneider was not the employer of the Plaintiffs, they have not been damaged by Schneider's acts and/or omissions, and thus they cannot state any cognizable claim against Schneider.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrine of avoidable consequences because they unreasonably failed to take action to avoid the alleged damages, and some or all of the alleged damages would have been avoided by such action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly incurred by them.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs have sustained any damages, such damages are reduced under the doctrines of setoff and recoupment, by any amounts owed to Schneider by the Plaintiffs.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrines of accord and satisfaction.

1

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

The Plaintiffs' claims are barred, in whole or in part, by the doctrines of equity,

3

including, without limitation, unclean hands, estoppel, waiver, and laches.

4

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

5

The Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel.

6

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7

The Plaintiffs consented to any and/or all of the conduct about which they now complain.

8

### TWENTY-NINTH AFFIRMATIVE DEFENSE

9

The putative class or classes alleged in the Complaint are overbroad, ambiguous,

10

conclusory, lacks the required community of interest, and is not precise, objective, or readily

11

ascertainable.

12

### THIRTIETH AFFIRMATIVE DEFENSE

13

The Named Plaintiffs' lack standing to bring the claims alleged in the Complaint, both on

14

behalf of themselves or on behalf of the putative classes alleged in the Complaint.

15

### THIRTY-FIRST AFFIRMATIVE DEFENSE

16

The Named Plaintiffs' representative and class allegations are barred by Schneider's right

17

to due process of law as provided by the Constitutions of the United States of America and the

18

State of California.

19

### THIRTY-SECOND AFFIRMATIVE DEFENSE

20

The Plaintiffs' claims are barred because they have failed to and cannot satisfy the

21

requirements necessary to maintain a class or collective action, including, without limitation,

22

ascertainability, predominance, typicality, adequacy (both of the proposed representatives and

23

proposed class counsel), and superiority.

24

### THIRTY-THIRD AFFIRMATIVE DEFENSE

25

The Complaint, and each purported cause of action therein, fails to allege facts sufficient

26

to allow recovery of attorneys' fees from Schneider.

27

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

28

The Plaintiffs' claims based on California law are barred because they are preempted by

1   federal law, including, without limitation, the Federal Aviation Administration Authorization Act

2   of 1994 (49 U.S.C. § 14501), and the Motor Carrier Safety Act (49 U.S.C. § 31501 *et seq.*).

3       WHEREFORE, Schneider prays for judgment as follows:

4       1.      That the Court deny the Named Plaintiffs' request to certify this action as a class

5               action;

6       2.      That the Plaintiffs take nothing by way of the Complaint;

7       3.      That the Complaint be dismissed with prejudice;

8       4.      That the Court enter judgment for Schneider and against the Plaintiffs on all of

9   their alleged causes of action;

10      5.      That the Court award Schneider its costs and attorney fees incurred, including but

11  not limited to costs and attorney fees pursuant to California Labor Code section 218.5; and

12      6.      That the Court grant Schneider such other and further relief as the Court deems

13  just and proper.

14  DATED:  June 18, 2010                      OGLETREE, DEAKINS, NASH, SMOAK &
                                                STEWART, P.C.

17                                              By:    _MICHAEL NADER_
18                                              Douglas J. Farmer
                                                Michael J. Nader

19                                              Attorneys for Defendant SCHNEIDER
20                                              NATIONAL CARRIERS, INC.

1

## PROOF OF SERVICE

2

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

3

4

5

On June 18, 2010, I served the following document(s):

6

## ANSWER BY DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.

7

on the person(s) below as follows:

8

E. Jeffrey Banchero
Scott R. Raber
THE BANCHERO LAW FIRM LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

9

10

11

I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) indicated above and:

12

13

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14

15

16

17

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

18

19

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

Executed on June 18, 2010, at San Francisco, CA.

21

22

Elisabeth L. Egan
Type or Print Name                          Signature

23

24

25

8770865.2 (OGLETREE)

26

27

28

# EXHIBIT C

1  DOUGLAS J. FARMER, State Bar No. 139646
   douglas.farmer@odnss.com
2  MICHAEL J. NADER, State Bar No. 200425
   michael.nader@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:   415.442.4810
   Facsimile:   415.442.4870
6
   Attorneys for Defendant
7  SCHNEIDER NATIONAL CARRIERS, INC.

8                 **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  LUIS POLANCO, as an individual; ALAN KRUMBINE, and individual; ASUNCION ARIAS, an individual; and DOE PLAINTIFFS; on behalf of all others similarly situated, | Case No. |
| 12 | **DECLARATION OF ROBERT M. REICH IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.** |
| 13 | |
| 14 | |
| 15              Plaintiffs, | |
| 16         v. | |
| 17  SCHNEIDER NATIONAL, INC., a Nevada corporation; SCHNEIDER NATIONAL CARRIERS, INC., a corporation; and DOES 1 through 30, inclusive, Defendants. | |
| 18 | |
| 19 | |

20  I, Robert M. Reich, declare as follows:

21          1.      I am currently employed by Schneider Enterprise Resources, LLC, and hold the

22  position of Vice President, Maintenance Operations.  My duties include supervising personnel

23  operations of non-exempt employees of the Defendant in this action, Schneider National

24  Carriers, Inc. ("Schneider"), including Schneider's mechanics employed in the State of

25  California.  I have direct and personal knowledge of the facts set forth herein and, if called and

26  sworn as a witness, I could and would competently testify to them.

27          2.      I understand that in this Class Action Complaint (the "Complaint"), the Named

28  Plaintiffs are Luis Polanco ("Polanco"), Alan Krumbine ("Krumbine"), and Asuncion Arias

Schneider_ Reich
dec re Polanco

1   ("Arias") (collectively the "Named Plaintiffs").  The Complaint describes the putative class as

2   "All persons, at any time during the period from four years to the filing of the complaint, up to

3   and including the present, who were employed as hourly mechanics at any Schneider National

4   location in the State of California."  (Complaint ¶ 39).

5           3.      I have reviewed the employment information of Schneider's staff in California,

6   including information pertaining to the Named Plaintiffs (the "Employment Information").  The

7   Employment Information also included lists of Schneider's California mechanics (the

8   "Mechanics") and their dates of employment and pay information.  Thus, I reviewed the

9   Employment Information of all Mechanics employed by Schneider in California during the four

10  (4) years preceding the filing of the Complaint on February 5, 2010 (the "Putative Class

11  Period").

12          4.      Polanco worked approximately 53 weeks at Schnieder during the Putative Class

13  Period, and was regularly scheduled to work 4 days each week.

14          5.      Krumbine worked approximately 149 weeks at Schnieder during the Putative

15  Class Period, and was regularly scheduled to work 4 days each week.

16          6.      Arias has worked approximately 229 weeks at Schnieder during the Putative

17  Class Period, and is regularly scheduled to work 4 days each week.  Arias remains employed at

18  Schneider.

19          7.      Schneider's Mechanics, including the Plaintiffs, were paid on a weekly basis at

20  Schnieder throughout the Putative Class Period.

21          8.      Arias has approximately 230 weekly pay periods with Schneider, and has made

22  approximately $25.00 per hour during the Putative Class Period.

23          9.      Based upon my review of the Mechanics' Employment Information during the

24  Putative Class Period, there are at least 161 putative class members who earned an average of

25  approximately $15 per hour during the Putative Class Period.  The Mechanics worked a total of

26  approximately 15,000 weeks during the Putative Class Period, and were generally scheduled to

27  work 4 days per week.

28          10.     Currently, Schneider employs 78 Mechanics in California.

Schnieder_ Reich
dec re Polanco

1        11.    Approximately 83 Mechanics have terminated employment with Schneider in the

2  Putative Class Period.

3        12.    Prior to the filing of the Complaint, Schneider has been incorporated in the State

4  of Nevada.

5        13.    Schneider's principal place of business is in Green Bay, Wisconsin.  Schneider

6  does business in a number of states and does not conduct the substantial predominance of its

7  business in any single state.

8        14.    My declaration only discusses the allegations in the Complaint and the amount

9  that the allegations place in controversy in this litigation.  My declaration should not in any way

10  be construed as an admission as to any of the allegations in the Complaint.

11        I declare under penalty of perjury under the laws of the United States of America and the

12  laws of the State of California that the foregoing is true and correct.

13        Signed on June 18, 2010, in Green Bay, Wisconsin.

14

15

16  Robert M. Reich

17

18

19

20

21

22

23

24

25

26

27

28

REICH DECLARATION

Schneider_Reich
dec re Polanco

8771035.2 (OGLETREE)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 4565 GHK (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

LUIS POLANCO, ALAN KRUMBINE, ASUNCION ARIAS, DOE PLAINTIFFS

**DEFENDANTS**

SCHNEIDER NATIONAL CARRIERS, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

WILLIAM D. REHWALD
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Boulevard, Suite 400
Woodland Hills, CA 91367
(818) 703-7500

Attorneys (If Known)

MICHAEL J. NADER
OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.
STEUART TOWER, SUITE 1300
ONE MARKET PLAZA
SAN FRANCISCO, CA  94111
(415) 442-4810

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C §§ 1441 and 1446, Diversity Jurisdiction Employment Action

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 4565

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? [ ] No   [X] Yes

If yes, list case number(s):   Robert Taylor et al. v. Schneider National Carriers, Inc. Case No. EDCV 10-0923 VAP (MANx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [X]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Wisconsin |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  _____   Date June 21, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |