LEE M. GORDON (State Bar No. 174168)
HAGENS BERMAN SOBOL SHAPIRO LLP
700 South Flower St., Suite 2940
Los Angeles, CA  90017-4101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Lee@hbsslaw.com

DANIEL CHALEFF (State Bar No. 173028)
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd, Suite 400
Woodland Hills, CA  91367-4600
Telephone:  (818) 703-7500
DChaleff@rehwaldlaw.com

Attorneys for Plaintiffs and the Putative Class

DOUGLAS J. FARMER, State Bar No. 139646
douglas.farmer@ogletreedeakins.com
MICHAEL J. NADER, State Bar No. 200425
michael.nader@ogletreedeakins.com
CHRISTOPHER M. AHEARN, State Bar No. 239089
chris.ahearn@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:   415.442.4810
Facsimile:   415.442.4870

Attorneys for Defendant
SCHNEIDER NATIONAL CARRIERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS POLANCO, an individual; ALAN KRUMBINE, an individual; ASUNCION ARIAS, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS, INC., a Nevada Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV-10-04565 GHK (JEMx)<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: February 5, 2010<br>Trial Date:        None Set<br>Judge:            Hon. George H. King |

# PROTECTIVE ORDER

Pursuant to the parties' stipulation and good cause appearing, the Court hereby approves this Protective Order. The Protective Order shall govern handling of the parties' Confidential Information, Highly Confidential Information, and Privileged Information, and Work Product Information, as those terms are defined below.

## DEFINITIONS

1.       As used in this Protective Order, "Confidential Information" means information that a party believes constitutes trade secrets or other confidential business, financial, research, development, or commercial information, or non-public information concerning individuals, and that the party in good faith believes, given its nature, should be afforded confidential treatment and which the parties would not disclose but for the entry of this Protective Order.  When designating information or materials as Confidential in accordance with this Protective Order, the designating party shall use the designation "Confidential."

2.       As used in this Protective Order, "Highly Confidential Information" means extremely sensitive Confidential Information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.  When designating information or materials as Highly Confidential in accordance with this Protective Order, the designating party shall use the designation "Highly Confidential – Attorneys' Eyes Only."

3.       As used in this Protective Order, "Privileged Information" means information protected from disclosure pursuant to an applicable legal privilege, such as the attorney-client privilege.

4.       As used in this Protective Order, "Work Product Information" means information protected from disclosure pursuant to the attorney work product doctrine.

## **CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

5.    The parties may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and thereby subject to the terms of this protective order any materials, in any form, referring to the contents of Confidential Information or Highly Confidential Information as follows:

(a)    If Confidential Information or Highly Confidential Information are referred to in a document (as defined in Evidence Code section 250) and produced by the party seeking to designate it as Confidential or Highly Confidential, the party shall mark the face of each page of the document "Confidential" or "Highly Confidential – Attorneys' Eyes Only" respectively.  If a document referring to the contents of Confidential Information or Highly Confidential Information is produced by someone other than the party seeking to designate the document as Confidential or Highly Confidential, the party seeking to designate the document as Confidential or Highly Confidential shall designate the document as such by notifying the other parties to the action in writing that it considers the document to contain Confidential Information or Highly Confidential Information and the adverse parties receiving the document shall treat it as Confidential (or Highly Confidential if designated as such), and take steps they deem reasonably necessary to ensure that others who have received the document treat it as Confidential (or Highly Confidential if designated as such).  The parties may agree to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any document produced prior to the date of this Protective Order.

(b)    If a discovery response referring to the contents of Confidential Information or Highly Confidential information is made by someone other than the party seeking Confidential or Highly Confidential treatment, the party seeking to designate the response as Confidential or Highly Confidential shall designate the response as such by notifying the other parties to the action in writing that it considers the response to contain Confidential Information or Highly Confidential

Information and the adverse parties receiving the response shall treat it as Confidential (or Highly Confidential if designated as such) and take steps they deem reasonably necessary to ensure that others who have received the response treat it as Confidential (or Highly Confidential if designated as such). If the contents of Confidential Information or Highly Confidential Information are referred to in discovery responses by the party seeking Confidential or Highly Confidential treatment, the party shall designate the response as Confidential or Highly Confidential when responding to the request.  The parties may agree to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any such response given prior to the date of this Protective Order.

(c)     If the contents of Confidential Information or Highly Confidential Information are referred to in testimony in any proceeding in this action, the party seeking to designate the testimony as Confidential or Highly Confidential shall do so on the record at the time the testimony is given or by giving written notice to the parties within a reasonable time after the designating party's receipt of the transcript containing such testimony. "Reasonable time" shall normally be 30 days from the designating party's receipt of the transcript containing such testimony. The parties shall cooperate in allowing longer or shorter periods of time as needs of the case arise.

6.     Unless otherwise agreed, the parties shall use each other's Confidential Information and Highly Confidential Information produced in this Action solely for purposes of the above-captioned action (the "Action") or any related legal proceedings, and shall not use such Confidential Information or Highly Confidential Information for any other purpose or in any other action or litigation, and shall not disclose, communicate, produce, or otherwise make such Confidential Information or Highly Confidential Information available to anyone except as specified in this Protective Order. Nothing in this Protective Order shall prevent or restrict a party from using, disclosing, producing, communicating or otherwise

making available their own Confidential Information or Highly Confidential Information as it deems appropriate.

7.     "Qualified Persons" to whom Confidential Information may be disclosed, communicated, produced or otherwise made available are:

(a)     Attorneys of record for any party in this action and their associated lawyers, legal assistants, secretarial and clerical personnel engaged in assisting them in this litigation and who shall be advised and be bound by the terms of this Protective Order;

(b)     Parties to the action, including those employed by the party who are involved with the prosecution or defense of the action - provided that such persons understand the need to maintain the confidentiality of the information;

(c)     Consultants and experts retained by the parties in this action;

(d)     The Court and court personnel as needed for the purposes of this litigation, and the court reporter, provided that the requirements of Paragraph 7 below are followed;

(e)     Court reporters transcribing depositions or testimony in the Action, any outside photocopying, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in the Action and' computer personnel performing duties in relation to a computerized litigation system;

(f)     Any other person whom the parties agree upon in writing; and

(g)     the author of the document, the original source of the information, or in the case of personal information, the person as to whom the information is personal.

8.     Confidential Information may be disclosed to Qualified Persons identified in Paragraphs 5(a), (b) (d) and (e) above, without notice. Information designated as Confidential Information may be disclosed to Qualified Persons identified in Paragraphs 5(c) and (f) only on the condition that the disclosing party

(1) advises such Qualified Persons of the contents of this Protective Order and (2) has them sign the "ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" that is attached to this Protective Order. Executed copies of such acknowledgments shall be retained by the party obtaining them and shall be made available for inspection and copying by the other parties or upon order of the Court.

9.     Unless otherwise ordered by the Court or permitted in writing by the designating party, material designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to (a) the Court and its personnel; (b) the author of the document, the original source of the information, or in the case of personal information, the person as to whom the information is personal; (c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" that is attached to this Protective Order; or (d) the receiving party's counsel of record in this action, as well as employees, consultants, and experts of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" that is attached to this Protective Order. Executed copies of such acknowledgments shall be retained by the party obtaining them and shall be made available for inspection and copying by the other parties or upon order of the Court.

10.     Confidential Information or Highly Confidential Information will be kept in a manner that is reasonably calculated to ensure that the Confidential Information or Highly Confidential Information will not be disclosed to any individual not authorized to receive or review such Confidential Information or Highly Confidential Information.

11.     Any pleadings, exhibits or filings which contain Confidential

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Information or Highly Confidential Information, or testimony designated as Confidential Information or Highly Confidential Information shall be submitted to the Court only in accordance with the procedures set forth in Rule 79-5 of the Local Rules of this Court.  If the Court grants an application to file under seal any pleadings, exhibits or filings designated in whole or part as Confidential Information or Highly Confidential Information, such information may be filed under seal in accordance with the Court's order.  If the Court denies an application to file under seal any pleadings, exhibits or filings designated in whole or part as Confidential Information or Highly Confidential Information, such information may be filed without being sealed.

12.     Within sixty (60) days after final disposition of this action, the parties shall return working copies of the other parties' Confidential Information or Highly Confidential Information, or shall destroy all working copies thereof in their possession, or shall securely archive working copies thereof in their possession. The parties shall execute and deliver a certification of compliance with the provisions of this paragraph. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits, attorney notes, transcripts, or Court opinions and orders (although the restrictions imposed herein shall continue to apply to any Confidential Information or Highly Confidential Information attached to such pleadings, motions, briefs, or supporting affidavits). This Order shall not prevent any party from applying to the Court for further or additional protective orders.

13.     The parties agree that by entering into this Order, they do not waive or compromise their position regarding any information designated as Confidential Information or Highly Confidential information.  By providing such Confidential Information or Highly Confidential Information, the parties do not admit that Confidential Information or Highly Confidential Information is relevant to this action and do not waive their objections to the production or disclosure of Confidential Information or Highly Confidential Information.

14.     This Protective Order does not preclude the parties from seeking immediate relief from this Protective Order on such notice as is appropriate under the circumstances, or from seeking such other relief or protective orders as may be appropriate under the Code of Civil Procedure. The parties may apply to the Court for modification of, or release from, this Protective Order.  Prior to any such application, the parties shall meet and confer and seek agreement to such modification or release.

15.     If at any time a party objects to a designation of information and discovery materials as Confidential or Highly Confidential under this Protective Order, the objecting party shall notify the designating party in writing or on the record at a deposition. The objecting party shall identify the information in the question and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of the receipt of such notice, the designating party and the objecting party shall meet and confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the designating party may, at any time, make an application to the Court for a ruling on the designating party's designation of the information or materials as Confidential or Highly Confidential.  Nothing herein shall be construed as preventing any party from objecting to the designation of any document as Confidential or Highly Confidential or preventing any party from seeking further protection for any material it produces in discovery.

16.     Each party shall have the responsibility, through counsel, to advise the designating party of any losses or compromises of the confidentiality of information or documents governed by this order. It shall be the responsibility of the party that lost or compromised the Confidential Information or Highly Confidential Information of the designating party to take reasonable measures to limit the loss or unauthorized disclosure.

17.     Nothing in this order shall prejudice in any way the rights of any party

to introduce into evidence at trial any document, testimony, or other evidence subject to this Stipulation, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation.

18.     Any non-party producing Confidential Information or Highly Confidential Information in the Action may designate such materials as Confidential or Highly Confidential in accordance and consistent with the terms and provisions of this Order.

19.     If additional persons become parties to the Action, such parties shall not have access to material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Stipulation and agree to be bound by its terms.

## INADVERTENT PRODUCTION OF PRIVILEGED AND WORK PRODUCT INFORMATION

The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the attorney work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege or work product claim has been resolved. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is resolved.

The receiving party shall, within ten (10) days from receipt of notification of the inadvertent production, determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege or work product protection and the grounds for that objection.

If the producing party, following receipt of an objection from the receiving party, wishes to maintain the claim of privilege or work product protection, it shall, within ten (10) days from the receipt of the objection notice, submit the specified information to the Court under seal for a determination of the claim and shall provide the Court with the grounds for the asserted privilege or protection. Any party may request expedited treatment of any request for the Court's determination of the claim.

Upon a determination by the Court that the specified information is protected by a privilege or the attorney work product doctrine, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

Upon a determination by the Court that the specified information is not protected by the applicable privilege or is not protected by the attorney work product doctrine, the producing party shall bear the costs of placing the information into any programs or databases from which it was removed or

destroyed and render accessible any documents that were disabled or rendered inaccessible, unless otherwise ordered by the Court.

    **IT IS SO ORDERED.**

Dated:  December 1, 2010        By: _John E. McDermott_____

                          United States Magistrate Judge

# PROTECTIVE ORDER ATTACHMENT

## ACKNOWLEDGMENT OF AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____, state that:

1.  My address is _____

_____.

2.      I have received a copy of the Stipulation and Protective Order ("Order") in this action, a copy of which is attached hereto. I have carefully read and understand the provisions of the Order.

3.      I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes set forth in the Order any Confidential Information which is disclosed to me.

4.      Specifically, I will exercise all reasonable due care with the Confidential Information or Highly Confidential Information and will use the information only for purposes of the underlying action.

5.      Promptly upon termination of this action, I will return all Confidential Information or Highly Confidential information that came into my possession, and all documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

6.      I hereby submit to the jurisdiction of the court in this action solely for the purpose of enforcement of this Order.

Signature:         _____

Type or Print
Name Here:         _____

Date:              _____

9416351.1 (OGLETREE)